## CHISHOLM vs. THE STATE.

[FINE—PARDON.]

1. *Governor's authority in remitting fines in criminal cases.*—When the defendant, in a criminal case, is tried, and a fine imposed upon him, and judgment rendered thereon for the amount of the fine and costs, and afterwards the Governor, under his constitutional authority, remits the fine, this destroys the vitality of the judgment, except as to the costs.

APPEAL from the Circuit Court of Tallapoosa.
Tried before Hon. ROBERT DOUGHERTY.

THE appellant was tried at the spring term, 1865, and having pleaded guilty to the indictment, the jury assessed a fine of $1,250, together with the costs, and a judgment *nunc pro tunc* was entered upon this verdict at the spring term, 1866. At the fall term, 1866, the defendant made a motion to vacate said judgment, and in support of this motion produced a pardon from the Governor of Alabama remitting the fine. The court refused to vacate the judgment and overruled the motion, and the defendant appealed.

G. W. GUNN, and J. FALKNER, for appellant.
JNO. W. A. SANFORD, Attorney-General, *contra.*

PER CURIAM.—The constitution confers upon the Governor the power to grant reprieves and pardons, and to remit fines and forfeitures in criminal cases, under such rules and regulations as may be provided by law.—Article 5, § 13.

After the rendition of the judgment in the present case, the Governor, under the great seal of the State, there being no restriction upon his power so to do, by any rule or regulation of law, remitted the entire fine, which destroyed the vitality of the judgment, except as to the costs. The court, therefore, on the motion of appellant, should have vacated the judgment as to the fine, but left it valid and subsisting as to the costs.

The judgment of the court refusing to vacate the judgment to the extent we have indicated, is reversed and the cause remanded.