# NELSON *vs.* THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

*Fine; when can only be fixed by jury.*—1. A party who is prosecuted for an assault with intent to murder, by indictment, in the circuit court, and who confesses himself guilty of an assault and battery with a pistol must have "the amount of the fine" "fixed and determined by a jury." The fine can not be fixed by the court in such a case.—Revised Code, §§ 3670, 3672, 3757, 4170.

2. *Costs; what judgment may be rendered on failure to pay.*—And if such party pays the fine during the term of the court at which he is so found guilty, but fails to pay the costs or to confess judgment for the same with good and sufficient securities as required by the Code, he may be sentenced to hard labor for the county in which the trial is had, for a period of time in proportion to the amount of the fine, or for a period necessary to pay the costs, at forty cents a day.—Revised Code, §§ 3759, 3760, 4061.

3. *Quere.*—Can such a person so convicted be imprisoned to enforce the payment of the costs thus imposed, if he fails to pay them or secure them, as allowed by the statute?—Const. Ala. 1867, art. 1, § 22.

APPEAL from Circuit Court of Dallas.
Tried before Hon. JAMES Q. SMITH.

The facts are stated in the opinion.

REID & MAY, for appellant.—1. The sentence of the 9th June was without authority of law. 1st. Because the sentence of the court (31st May,) had been complied with; 2d. The defendant could not be held in custody for failure to pay the costs, and 3d, the 9th June sentence is too uncertain. The State's constitution, art. 1, § 22, says : "There shall be no imprisonment for debt except in case of fraud." The supreme court of Indiana uses this language—" The costs in a criminal case are matters of private right, and constitute a mere indebtedness, for which, in the absence of fraud, a defendant can not be ordered to be imprisoned."—*Thompson's case*, 16th Ind. R. 517 ; *Shafer's case*, 18th Ind. R. 444. The judgment or sentence of the 9th June is *void for uncertainty*. From *it* can the clerk, the sheriff or the defendant *determine the term* he is to do hard labor ? There is too much room for injustice.

2. The controlling tests, whether costs in criminal cases are debt or penalty, are shown by the several sections of the Revised Code, §§ 3763, 4220, 4221, 4336, 4340. Section 3760 is controlled by *amount* of the *fine*, and by the fact that the Governor can remit a *fine* but can not *costs*.—*Chisholm's case*, 42 Ala. 527 ; *Farley's case*, 8 Blackford R. 230.

ATTORNEY-GENERAL, *contra.*

PETERS, J.—This is a criminal prosecution by indictment upon a charge of assault with intent to murder, commenced in the circuit court of Dallas county. The trial took place on the 31st day of May, 1871, when the defendant being arraigned pleaded guilty of an assault and battery with a pistol. And the judgment recites—" It is therefore considered by the court that the defendant be fined the sum of twenty-five dollars." It does not appear that there was any jury inpanneled in the case to " fix and

determine the amount of the fine," but that the same was fixed by the court, without the intervention of a jury. This fine was paid by the defendant during the term of the court, but no judgment for the costs was confessed by the defendant, with securities, as required by the Revised Code. And there was no judgment rendered against the defendant in the court below for costs, except as hereinafter shown. On the 9th day of June, after the defendant pleaded guilty, as above shown, and was fined twenty-five dollars, the following entry of judgment was made, to-wit : "This day came S. W. John, solicitor for Dallas county, who prosecutes this case on behalf of the State, and came also the defendant in his own proper person ; and the defendant failing to pay the costs imposed upon him at a former day of this term, or to confess judgment for the same, it is ordered by the court that defendant be sentenced to hard labor for the county of Dallas until the said costs are paid at the rate of forty cents per day. And the clerk of this court is ordered to ascertain the amount of costs, estimate the number of days the prisoner is to be held, and furnish the same to the sheriff." And at a subsequent day of the term of said court, to-wit, on the 13th day of June, 1871, the said defendant moved the court "to be discharged from further custody, under the sentence in said behalf of date 31st May, 1871," on the ground that said sentence was unauthorized, and contrary to law; and that the costs imposed on him, said defendant, was a civil demand or debt. This motion the court refused and the defendant excepted. From the judgment thus rendered the said defendant appeals to this court.

The judgment in this case was without warrant of law. In prosecutions by indictment, the jury alone can "fix and determine the amount of the fine," except "when an offense may be punished, in addition to a fine, by imprisonment or hard labor for the county."—Revised Code, §§ 3757, 3758, and 4170. Here the charge was for an offense punishable by imprisonment in the penitentiary, without fine ; and the conviction was for an offense punishable by fine, "not more than two thousand dollars, or imprisonment in the county

jail, *or* sentence to hard labor for the county, not more than twelve months."—Revised Code, §§ 3670, 3672 and 4199. From this, it is evident that the imprisonment was not in addition to the fine, but in lieu of it, and the punishment could not be fixed by the court, but only by a jury.—Rev. Code, § 4170. Then, the fixing of the fine by the court, without the intervention of a jury, was erroneous. In such a case as this, a jury should determine the fine.—Revised Code, § 3757. Beside this, the judgment should have been rendered for a definite amount, or for " the costs of the prosecution." And the imprisonment should have been fixed in proportion to the amount of the fine, (Rev. Code, § 3760,) or in proportion to the amount of the costs, at forty cents per day.—Rev. Code, § 4061.

But beyond this, the appellant contends that he could not be held in custody for the costs alone, after the fine was paid. This depends upon the construction to be given to the present constitution of the State, and the law in reference to the collection of the costs in criminal prosecutions in the circuit court. The Revised Code directs that "where a fine is assessed, the court may allow the defendant to confess judgment, with good and sufficient sureties for the fine and costs."—Revised Code, § 3759. But " if the fine and costs are not paid, or a judgment confessed according to the provisions of the preceding section, the defendant must either be imprisoned in the county jail, or, at the discretion of the court, sentenced to hard labor for the county."—Revised Code, § 3760. Here, the fine was paid, but the costs were not paid ; and no judgment was confessed and security given for the same, as required by law. And the defendant was condemned " to hard labor for the county of Dallas until the said costs are paid, at the rate of forty cents per day." This judgment is not equivalent to a sentence of imprisonment until the costs are paid. It does not, then, violate that section of the constitution of the State, which declares, " that no person shall be imprisoned for debt."—Const. Ala. 1867, Art. I, § 2 ; Pamphlet Acts 1870-71, p. 5. How the payment of the costs shall be enforced in criminal cases is for the general assembly to de-

termine, and for the courts to carry into effect. I am of the opinion that a party can not be imprisoned to enforce the payment of costs in such a case. For the reason that costs are not strictly a part of the punishment, but only a debt, the collection of which may be enforced by execution as any other debt.—Rev. Code, § 3761. But, if the costs are not paid, or secured as allowed by law, I know of no restraint on the legislature which forbids the State to impose a certain amount of work for the county on the defendant, as the mode of securing the payment of the costs in a criminal case. The public good—which is the " *salus populi*,"—demands the prosecution of persons charged with offenses forbidden by law. And such prosecutions can not be carried on without incurring a liability for costs. Where there is no constitutional restriction, this liability may be enforced in such manner as the legislative authority may think fit. For, without restriction, the legislative authority is supreme.—*Dorman v. The State*, 34 Ala. 216, 229, *et seq.;* Rev. Code, § 4061. . A party, then, under such a conviction as this, for a public offense, may be sentenced by the court to hard labor for the county during the time prescribed by law, unless he secure the payment of the fines and costs, as required by the statute. That is, " if the fine does not exceed twenty dollars, ten days ; if it exceeds fifty, and does not exceed one hundred dollars, thirty days ; if it exceeds one hundred, and does not exceed one hundred and fifty dollars, fifty days ; if it exceeds one hundred and fifty, and does not exceed two hundred dollars, seventy days ; if it exceeds two hundred, and does not exceed three hundred dollars, ninety days ; and for every additional one hundred dollars, or fractional part thereof, twenty-five days."—Rev. Code, § 3760. When both the fine and costs are not paid by a party found guilty on an indictment for a public offense, punishable by fine or imprisonment in the county jail or to hard labor for the county, the foregoing section of the Revised Code prescribes the limits of the period during which he may be sentenced to hard labor for the county, if the sentence is under this section. And he is not entitled to be discharged until he serves out the

period thus designated or secures the fine and costs, or the costs where the fine is paid, as required by the Code.— Rev. Code, §§ 3749, 4061. The court, then, did not err in refusing the motion of the defendant in the court below, without payment of the costs as well as the fine, or without confessing judgment for costs with good and sufficient securities, as allowed by law.

Doubtless the legislature may make the payment of costs a part of the punishment, and in case of a failure to pay or secure them, then to imprison as an alternative, as in case of a fine. But until this is done the courts must be content with power to enforce the law as it now stands, provided the imprisonment is not cruel.—Constitution Ala. 71, § 17.

For the error first above pointed out, the judgment of the court below is reversed and the cause remanded for a new trial; but the said Aaron Nelson, the defendant in the court below, will be kept in custody until discharged by due course of law.