## MORGAN vs. THE STATE.

[IMPRISONMENT FOR COSTS ON CONVICTION IN CRIMINAL CASE.]

1. *Revised Code, section* 3760 *of; not unconstitutional.*—Section 3760 of the Revised Code is not unconstitutional, either as to fine and costs, and unless both are paid, a defendant may be lawfully imprisoned in the county jail, or, in the discretion of the court, sentenced to hard labor for the county if he refuses to confess judgment, with good and sufficient securities for both fine and costs, or for the costs only, if the fine be paid.

2. *Constitution of Alabama, section* 22 *of article* 1 *of; what not a debt within meaning of.*—The costs in a criminal case do not constitute a debt within the meaning of section 22 of article 1 of the constitution of Alabama.

APPEAL from Circuit Court of Perry.
Tried before Hon. M. J. SAFFOLD.

The facts are stated in the opinion.

P. LOCKETT, and RICE, JONES & WILEY, for appellant. Section 3760 of the Revised Code gives the court below no

right whatever to imprison the defendant for the non-payment of *costs merely*, but expressly provides: "If the fine *and* costs are not paid, or a judgment confessed according to the provisions of the preceding section, the defendant must either be imprisoned in the county jail," &c. In this case the "*fine*" assessed against the defendant by the jury *was paid* by her, although she refused or failed to settle "*the costs*" of the court below, or to confess judgment with sureties for the same. The circuit court could not, under that section of the Code, either imprison the defendant or sentence her to hard labor for the county, except upon a failure to pay both "the *fine and costs*," or confess judgment according to the provisions of section 3759 of the Code. The contingency in which the court had power to act had not arisen. The statute must be construed most favorably for the defendant, involving as the case does the liberty of the citizen.

It is evident that "the costs" of the court, in this instance, can form no part or parcel of the "fine" or punishment imposed by the jury upon the defendant for the violation of a law, because the verdict of the jury trying the issue is: "We, the jury, find the defendant guilty, and assess a *fine of one dollar.*"

A debt is an obligatory contract, but under the constitution of the State can not be compulsory, except by civil process, inasmuch as the constitution declares in express terms, "that no person shall be imprisoned for debt."— Dec. of Rights, Con. of Ala. art. 1, § 22. *Thompson v. The State*, 16 (Harrison) Indiana Reports, p. 516, is a case expressly in point. The head-note is as follows: "Section 128 R. S. p. 378, which provides that when the defendant in a criminal case is adjudged to pay any fine and costs, he may be committed until the same are paid or replevied, is unconstitutional, so far as the same authorizes a commitment for the non-payment of costs, being in conflict with article 1, section 2, of the constitution."

The costs in a criminal case are matters of private right, and constitute a mere indebtedness, for which (in the ab-

sence of a fraud) a defendant can not be ordered to be im-
prisoned."—*The State v. Farley*, 8 Blackf. 229.

Article 1, section 22, of the Constitution of Alabama,
leaves out "except for fraud."

If the "costs" were not debts due to the officers of the
court, but were merely part of the penalty itself, the par-
doning power of the governor could remit the costs, for it
reaches all penalties for crime except where the funda-
mental law fetters the power. But the pardoning power
can not remit costs already taxed, because they are mere
debts due the officers of court.

PECK, C. J.—There is no error in this record. Appel-
lant was convicted of an assault and battery with a stick,
and fined one dollar, and judgment was rendered for the
fine and the cost of the prosecution. Thereupon, appel-
lant paid the fine to the clerk, but refused to pay the cost,
or to confess judgment, with good and sufficient sureties,
for its payment, and moved to be discharged. Her motion
was denied, and the court sentenced her to hard labor for
the county for ten days; and she excepted to the ruling
and judgment of the court, and appeals to this court to
have the sentence and judgment of the circuit court re-
versed.

Her counsel insists that section 3760 of the Revised Code,
which provides, that "if the fine and costs are not paid, or
a judgment confessed according to the provisions of the
preceding section, the defendant must either be imprisoned
in the county jail, or, at the discretion of the court, sen-
tenced to hard labor for the county," &c., is unconstitu-
tional, in so far as it authorizes the defendant to be impris-
oned in the county jail, or, at the discretion of the court,
sentenced to hard labor for the county, for failing either to
pay or to confess judgment for the cost; that the cost, in
such a case, is a debt, and the constitution, article 1, sec-
tion 22, declares, "that no person shall be imprisoned for
debt." In this the counsel is mistaken. In criminal cases,
the cost is no more a debt than the fine, and accurately
speaking, not as much so, for the fine is a sum certain *in*

*numero*, and the cost is not. If the defendant refuses to pay the cost, or to confess a judgment with good and sufficient sureties for their payment, as provided in section 3759 of the Revised Code, it is no violation of the constitution to compel their payment by hard work for the county.

Let the judgment be affirmed at appellant's costs.