# Dane v. Loomis.

*Action against Sheriff, for Money claimed as Exempt.*

*Exemption of officer's costs.* — Fees due to a justice of the peace, as a part of the costs in a civil cause tried before him, may be claimed by him as exempt from execution; and when so claimed, the sheriff cannot retain and apply them to the satisfaction of an execution in his hands against the justice.

APPEAL from the City Court of Mobile.
The record does not show the name of the presiding judge.

BOYLES & OVERALL, for the appellant.

C. W. RAPIER, *contra.*

B. F. SAFFOLD, J. — The appellant, as sheriff of Mobile county, had in his hands an execution for costs against the appellee, issued on a judgment rendered in a case in which the said appellee was plaintiff, and Caleb Price and others were defendants. There also came into his hands executions issued on judgments rendered in cases of appeal from a justice's court, of which the appellee was the justice of the peace, and a part of the money to be collected on them was costs belonging to him as his fees, or perquisites of office. The sheriff collected these costs, and applied $18.27 to the satisfaction of the execution first mentioned, on the 3d of March, 1873. On the 6th of the same month, the appellee, by proper affidavit, claimed the money as exempt from the payment of his debts, under the exemption article of the State constitution. Not receiving it, he sued the sheriff before a justice of the peace, and recovered judgment. The sheriff appealed to the city court, where, upon the above facts being shown, judgment was given against him. The appeal is from this judgment, and it is here assigned as error. The appellee was not the head of a family. The constitution says, " The personal property of any *resident of this State*, to the value of one thousand dollars, to be selected by such resident, shall be exempted from sale on execution, or other final process of any court, issued for the collection of any debt contracted after the adoption of this constitution." The exemption is not restricted to the head of a family, but is reserved to *any resident owner* of the property sought to be sold.

In *Morgan* v. *The State* (47 Ala. 34), the costs in a criminal case were held not to be a debt, within the constitutional prohibition of imprisonment for debt. In *Nelson* v. *The State* (46 Ala. 186), the same was held, where no judgment for the fine and costs had been confessed. The defendant was deemed to be put to his choice, whether he would pay the costs, or submit to the imprisonment, which the law authorized as a punishment for his offence. In *Chisholm* v. *The State* (42 Ala. 527), the costs of a conviction under an indictment were said to be not covered by the governor's remission of the fine. Section 3534 of the Revised Code recites, " The law of costs must be deemed and held a penal law, and no fee must be taken but in cases expressly provided by law." The last part of this statute explains the first part. The taking of a fee not authorized is made an offence. The legislature, however, could not, under our present constitution, make the non-payment of a debt an offence.

Tax fees upon suits, for the use of the State or a county, are imposed for purposes of revenue, and are not debts within the meaning of the constitutional exemption. The exemption laws have never been considered applicable to taxes due; and in

view of such construction, the constitution would have been more explicit, if it had designed a new rule.

But the costs due to officers and witnesses are simply debts,— the compensation which they receive for service and duties they perform.   In this case, the costs, or salary, of one officer was taken by another party to pay his costs or salary.   Officers are not excluded from the exemption.   If they are not, and their costs are, their emoluments would be no safer, after they had converted them into property, than before they received them, because they would still be costs. · An unjust distinction would be made between their property and that of other residents, by treating their costs as not the subject of exemption.   Any deprivation they may experience from not being able to collect their fees, consists in the difference between utter insolvency and the amount of exemption allowed to those from whom they are due.   This is the case with all other creditors.   Besides, the public might be deprived of their services, if their compensation was subject to garnishments or executions.

There is no bill of exceptions, and the agreed facts upon which the case was tried, and which is copied into the transcript, is no part of the record.

The judgment is affirmed.