[Ex parte Joice & Smith.]

# *Ex parte* Joice & Smith.

*Petition for Discharge on Habeas Corpus.*

1. *Hard labor for county, on non-payment of costs.*—On conviction of a misdemeanor punishable by fine only, the punishment awarded being "a fine of $100, and the costs of the proceeding," and the fine being presently paid, the court may impose a sentence to hard labor for the county on non-payment of the costs (Code, § 4504), although there is no preliminary judgment imposing hard labor on non-payment of the fine. (CLOPTON, J. dissenting.)

2. *Criminal jurisdiction of justice of the peace.*—Under constitutional provisions (Art. I, § 9), criminal jurisdiction of all misdemeanors may be conferred by statute on justices of the peace; and such jurisdiction has been conferred on them, by the act approved February 8th, 1877 (Sess. Acts 1876-7, pp. 197-8), in the several counties therein named.

APPLICATION by petition in the names of Edward Joice and William Smith, for the writ of *habeas corpus*, to procure their discharge from the custody of the sheriff of Madison county, under the judgment of a justice of the peace, or several judgments, alleged to be void for want of jurisdiction. The petition was addressed to Hon. Thos. J. Taylor, judge of the Probate Court of Madison, who, on the hearing, refused to discharge the petitioners; and they now renew their application to this court. The judgment against each of the petitioners was in the same form, to-wit: "On hearing the evidence, the court is satisfied of the guilt of the defendant, and awards the following punishment: a fine of one hundred dollars, and the costs of the proceeding, this 19th of October, 1889. And it appearing to the court that the defendant comes and pays the fine ($100), but fails to pay the costs ($157), or to secure the same as provided by law; therefore I will sentence the defendant to hard labor for the county for the term of eight months, for the payment of the costs in the case, this 26th October, 1889."

HUMES, WALKER, SHEFFEY & GORDON, for the petitioners. (1.) The words of the statute authorizing the imposition of "additional hard labor" on non-payment of costs (Code, § 4504), are plain and unambiguous, and contemplate a prior or preliminary judgment and sentence to hard labor, either as part of the punishment, or on non-payment of the

[Ex parte Joice & Smith.]

fine imposed. This is the effect of the decision in *Long's Case* (87 Ala. 46), and any other construction would be repugnant to the words of the statute. (2.) The judgments against the petitioners are void for want of jurisdiction on the part of the justice by whom they were rendered. The constitutional provision authorizing the General Assembly to confer on justices jurisdiction of criminal prosecutions for "petit larceny, assault, assault and battery, affray, unlawful assemblies, vagrancy, and other misdemeanors," was never intended to apply to all misdemeanors; else the general words would have been used, without specifying any particular misdemeanors. "Other misdemeanors" must be construed to mean misdemeanors of like kind to those specified—that is, minor offenses for which only a small fine may be imposed. It never could have been intended that justices should be clothed with jurisdiction to impose a fine of from $100 to $1,000, as under the statute against lotteries.

WM. L. MARTIN, Attorney-General, and R. H. LOWE, for the State.—(1.) The jurisdiction of the justice is sustained by constitutional and statutory provisions.—Const. Ala., Art. I, § 9; Sess. Acts 1876-7, p. 197. He has power to impose the same punishment on conviction that could be imposed in the Circuit Court, either by the court or jury. *Ex parte Brown*, 63 Ala. 187; *Drake v. State*, 68 Ala. 510. (2.) On conviction in the Circuit Court, when a fine and costs are imposed, and the defendant pays the fine, but refuses to pay or secure the costs, he may be sentenced to hard labor for the county for the costs only.—*Morgan v. State*, 47 Ala. 34; *Nelson v. State*, 46 Ala. 186. Since these two cases were decided, the statutes therein construed have been twice re-enacted (Code of 1867, §§ 3760, 4061; Code of 1876, §§ 4455, 4731; Code of 1886, §§ 4503-04); and this is a legislative adoption of that judicial construction. 3 Brick. Dig. 749, § 16. The public good requires the prosecution of criminal offenders, and a liability for costs is necessarily incurred in such prosecutions. It is well known that, in many cases of misdemeanor, a nominal fine only is imposed, the costs constituting the heavier burden. It never could have been intended that the defendant, by paying a nominal or trifling fine, should escape liability for the costs, which constitutes a part of the punishment.

SOMERVILLE, J.—The petitioners were convicted of carrying on a lottery contrary to the provisions of section 4068 of the Code (1886), which is punishable by fine alone, without imprisonment. The justice imposed a fine of one hundred dollars, the least amount authorized by the statute. Justices of the peace in Madison county are vested with "original jurisdiction, concurrent with the Circuit Court, of all misdemeanors committed in said county," by the act approved February 8th, 1877.—Acts 1876-77, pp. 197-198. Pursuant to this authority, the justice adjudged the defendants guilty, and awarded, by way of punishment, "a fine of one hundred dollars, *and the costs* of the proceeding."

The defendants paid the fine, but failed to pay the costs. The contention of the petitioners now is, that, inasmuch as there was no hard labor imposed on them as defendants *to enforce the payment of the fine*, there could not be a sentence imposed on them for costs. In other words, as stated by counsel, before there can be a sentence to hard labor for costs, there must be a *preliminary sentence* to hard labor, either in default of the payment of the fine, or in the execution of the original judgment of the court. In support of this view a strict adherence to the letter of the statute is invoked, as it is found embodied in section 4504 of the Code (1886).

The naked question is, whether a defendant is to be permitted to resort to the device of paying his fine, and thus entirely escape the payment of the costs. If this can be done, the purpose can be effected as well where a nominal fine of one cent is imposed, as where the fine is a hundred, or a thousand dollars. Do the statutes, embraced in our Penal Code, relating to imprisonment for the enforcement of fine and costs, contemplate this result? Was this the legislative intention, as gathered from all the statutes bearing on this subject?—Code, 1886, §§ 4501-4504. Imprisonment, as a legal punishment for crime in this State, is authorized for three distinct purposes: (1) As a *distinct penalty* for the particular offense, either in the penitentiary, the county jail, or by way of sentence to hard labor for the county (Code, §§ 4492-4498); (2) to enforce the payment or satisfaction of the *fine* imposed by the court or the jury, which may be by imprisonment in the county jail, or by sentence to hard labor for the county (§ 4503); and (3) to enforce the payment of *the costs*, which is alone by sentence to hard labor for the county (§ 4504). We may add, just here, that

[Ex parte Joice & Smith.]

no reason in the nature of things can be perceived, why the legislature should make the imposition of either of these separate punishments a *sine qua non*, or condition precedent to the imposition of the other. Each has its own function, and its own sphere to fill, clearly distinct from that of the other two.

Imprisonment, as a satisfaction of the fine imposed, has always prevailed in this State, and in every other country where an enlightened system of criminal jurisprudence obtains. It is the only practical alternative, where the defendant refuses to pay or secure the fine.

The plain purpose of the legislature for the past twenty years has been, to place the 'enforced payment of certain costs upon a like compulsory basis. Such of these costs as are incurred by the State in the prosecution of the offender, are produced by the fault of the defendant. The justice of imposing them on the convicted criminal is a question purely of legislative policy, with which the courts can have no concern, except to ascertain the intent of the law-making power as to the conditions and mode of their enforcement. The constitutional validity of statutes enforcing the payment of such costs by imprisonment of the defendant has been raised before this court time and again, and they have uniformly been held to be constitutional, and not to violate that provision of the constitution which prohibits imprisonment for debt. It was said in *Caldwell v. The State*, 55 Ala. 133 (1876), which arose under sections 3760, 3762 and 4061 of the Revised Code of 1867, corresponding to sections 4503, 4501, and 4504, respectively, of the present Code, that "the legislature intended [thereby] to make the non-payment of costs, imposed in a criminal case, the ground of an increase of punishment." And again: "It [the statute] simply augmented, to that extent, the punishment imposed, as a consequence of the non-payment of fine and costs."

In *Ex parte State, in re Long*, 87 Ala. 46, the origin, history and construction of these statutes, were fully discussed. The defendant in that case had been convicted of vagrancy, and fined twenty dollars, and was sentenced to imprisonment to pay the fine, and to hard labor in default of the payment of costs. It was contended in his behalf, that inasmuch as the offense was punishable by fine only, and no preliminary sentence to hard labor as a penalty for the particular offense itself was authorized, there could be no imprisonment by hard labor to enforce the costs. A strict and technical read-

ing of section 4504 of the Code (1886) seemed to justify this narrow interpretation, but it was repudiated by a majority of the court; and we held, in accordance with the uniform practice of the *nisi prius* courts, that there could be a lawful sentence to imprisonment by hard labor to satisfy costs, without a previous or preliminary "judgment against the accused that he perform hard labor for the county," as the letter of the statute apparently requires. It was thought that the interpretation contended for would defeat the plain legislative purpose to enforce the payment of costs by hard labor for the county in all cases of that character, and for this reason it was rejected, and for the further reason that a contrary construction had been long ago adopted by this court.

The contention in the present case is based upon a like attempt to adhere so closely to the letter of the statute as to defeat the obvious purpose of its enactment. There is a class of cases in the criminal, not less than in the Christian Code, where "the *letter* of the law killeth, and the *spirit* giveth life." The present case is of that class. It must have been intended that the statute, in its strict letter, should apply only to those cases where a preliminary judgment can be lawfully rendered that the accused "perform hard labor for the county," not to those where such a judgment is both unnecessary and unauthorized. The offense in question is punishable only by fine. The statute requires both the fine and costs to be paid, or secured. Imprisonment is the authorized mode of enforcing the one as much as the other. "If," says the statute, "the fine *and the costs* are not paid," &c.—§ 4503. The officer had no authority to receive the fine so as to release the costs. The rights of the State could not, therefore, be prejudiced by receiving the one without the other.

The case of *Nelson v. The State*, 46 Ala. 186 (1871), is directly in point. There, the defendant was fined the sum of twenty-five dollars by the court. He *paid the fine*, as here, and refused to pay the costs. Failing to pay the costs, or to confess judgment for the same, he was sentenced to hard labor for the county to pay the costs. He moved for his discharge from this judgment. This court refused the motion, but reversed the judgment, on the ground that the fine was fixed by the court, while the statute required it to be fixed by the jury. If the contention in this case is correct, the defendant was entitled to his discharge,

So, in *Morgan v. The State*, 47 Ala. 34 (1872), the defendant was convicted of an assault and battery, and fined one dollar, and judgment was rendered for the fine and costs of prosecution. She paid the fine, and refused to pay or secure the costs, and moved for her discharge. The motion was denied, and the court sentenced her to hard labor for the county for ten days, to enforce such payment. The judgment was affirmed by this court on appeal. It is our opinion, that these interpretations of the statutes, rendered seventeen years ago, ought not to be disturbed. They have been accepted by the legislature; the inferior courts, charged with the administration of our Penal Code, have uniformly acted on them; and they have been generally acquiesced in by the bar.—*Long's Case*, 87 Ala. 46.

In reaching this conclusion, we have not been unmindful of the principle, that penal statutes are to be strictly construed. The healthy limitation on this principle is, that an *interpretation should never be adopted which would defeat the obvious purpose of the statute, if any other reasonable construction can be given to it.* As observed by this court in *Thompson v. The State*, 20 Ala. 54: "The inartificial manner in which many of our statutes are framed, the inaptness of expression freqeuently used, and the want of perspicuity and precision not unfrequently met with, often require the court to look less at the letter or words of the statute, than at the context, the subject-matter, the consequences and effects, and the reason and spirit of the law, in endeavoring to arrive at the will of the law-giver." In that case, a statute was under review which provided that no new road should be opened "through any inclosure, whilst there is a *crop growing* on the same." It was held that the statute did not embrace a crop planted or sowed *after* the order of the Commissioners Court establishing the road, although such a case fell within the letter of the statute. Such construction, said the court, would be unreasonable, as it would frustrate the manifest object the legislature had in view, inasmuch as any person could always thwart the action of the court, by always having some sort of crop sowed after its order was made. So, in the case of *The Emily and The Caroline*, 9 Wheat. 381, where the statute declared forfeited any vessel "which shall be *fitted out*" in the United States for carrying on the slave trade, it was contended that the letter of the statute required that the vessel must be completely fitted and ready for sea, and not merely in process of construction for

the forbidden purpose.    The court rejected this view, hold-
ing that it would defeat the purpose of the law, and observed:
"To apply the construction contended for on the part of the
claimant, that the fitting or preparation must be complete,
and the vessel ready for sea, before she can be seized, would
be rendering the law in a great measure nugatory, and enable
the offenders to elude its provisions in the most easy man-
ner." Many other cases could be cited to illustrate the
principle in question, which is thus stated by a recent writer:
"Where the real design of the legislature in ordaining a
statute, although it be not precisely expressed, is yet plainly
perceivable, or ascertained with reasonable certainty, the
language of the statute must be given such a construction as
will carry that design into effect, though in so doing the
exact letter of the law be sacrificed, or though the construc-
tion be, indeed, contrary to the letter." And this rule, he
concludes, "holds good even in the construction of criminal
statutes."—Endlich on Statutes, § 295.

The offense of carrying on a lottery is punishable only by a
fine.    No independent term of imprisonment is affixed, as a
separate penalty, as in many other cases, additional to the
fine.    For myself I see no reason why a convicted defendant
should not be allowed to pay his fine, if he choose, and still
work out the costs.    This would be a humane construction
of the statute favorable to human liberty.    But the payment
of the fine certainly can go no further than relief from im-
prisonment for its satisfaction.    It can not satisfy the costs.
And, in the absence of the costs being paid, or secured as
required by the statute, the plain legislative intent is, that
they shall be satisfied by sentence to hard labor for the
county.

If the present case was before us on direct appeal, we
would have the defendant in the attitude of absurdly com-
plaining of prejudicial error in the record, on the ground
that he had been merely sentenced to hard labor to pay the
costs, and had not, by preliminary judgment, been first sen-
tenced to satisfy a fine which he himself had paid, or to an
imprisonment which the law did not authorize as an inde-
pendent penalty for the offense charged.

It is apparent that any other construction of the statutes
under consideration than the one above adopted would
practically operate to repeal the whole system of hard labor
for the counties in its bearing on a large number of offenses

which have been so punished uniformly for the past twenty years.

We think there is no reasonable doubt as to the constitutionality of the Act of February 8th, 1877 (Acts 1876-77, p. 197-198), which vests in the justices of the peace jurisdiction to try all misdemeanors in the counties designated. This legislative power arises from section 9 of Article I of the present Constitution of 1875. The phrase there used of "other misdemeanors" is not weakened by the previous enumeration of five or six particular misdemeanors.—*Anderson v. State*, 72 Ala. 187.

The application for the writ must be denied.

CLOPTON, J., dissenting.—Due respect for my conviction as to the proper interpretation of the statutes, under which the justice of the peace exercised in this case the power to impose hard labor for the costs, requires that I briefly state the reasons which constrain me to dissent from the opinion of the majority of the court.

*In re Long*, 87 Ala. 46, section 4504 of Code 1886 was construed to confer authority to impose hard labor for the payment of the costs on conviction for offenses punishable or punished by fine only. On the application for a re-hearing, the extent of the modification of the opinion rendered on the original hearing is expressed in the following language: "To so modify our former opinion as to hold, that in all cases in which the defendant is sentenced to hard labor as a punishment for the offense for which he has been convicted, either in default of the payment of, or confession of judgment for the fine assessed, or in execution of the original judgment, the court may impose additional hard labor, as provided by section 4504 of the Code, for the payment of costs." In that case, there had been a sentence to hard labor under section 4503. I was constrained to dissent from the construction then placed upon the statute, but did not anticipate it would be carried to the extent now proposed. I then suggested, in my dissenting opinion, that the construction in that case would lead to double sentences to hard labor for the costs, should a case arise in which the defendant paid the fine, but failed to pay or confess judgment for the costs.

In this case, the defendants were fined only. They paid the fine, but failed to pay or confess judgment for the costs, as provided by section 4502. Without sentencing them to

[Ex parte Joice & Smith.]

hard labor under section 4503, the justice imposed hard labor for the county for the term of eight months, to pay the costs, under section 4504. The question is not, whether a defendant is to be permitted to resort to a device of paying the fine, and thus entirely escape the payment of the costs. In *Morgan v. State*, 47 Ala. 34, it was held that, under section 4503, the accused could be sentenced to hard labor for the county as therein provided, on failure to pay or confess judgment for the fine and costs, or either of them, the term of the sentence being graduated by the amount of the fine. Under this construction, the justice could have sentenced the petitioners to hard labor on failure to pay or secure the payment of the costs under section 4503, though they may have paid the fine, and then, under the construction placed on section 4504 in *In re Long, supra*, could have imposed additional hard labor for the costs. This necessary consequence was one of the reasons on which I based my dissent in that case, and my conclusion that section 4504 was not intended to be applied in case of conviction for offenses punishable by fine only. It does not necessarily follow that the petitioners could have escaped the payment of the costs by paying the fine. The sole question is, whether the justice can impose hard labor for the costs under section 4504, when no judgment has been rendered that the defendants perform hard labor for the county?

The highly penal character of section 4504 requires that it shall be construed with "reasonable strictness." The rule of strict construction should not be so rigorously applied as to restrict the language employed in the statute to its literal meaning, to the exclusion of cases which would be comprehended within its scope and the purview of the words employed, when used in their ordinary popular sense and given their generally accepted meaning. But the rule requires that effect shall be given to all the words, unless obviously *mere surplusage*; and that no case be held as coming within the statute by construction, which does not come within the import of the language fairly interpreted. It has been said: "The purpose of the rule is to prevent acts from being brought within the scope of punishment, because courts may suppose they fall within the spirit of the law, though not within its terms."—*Com. v. Cooke*, 50 Pa. St. 201. In no case is it permissible for the court to go beyond the plain meaning of the phraseology, in an effort to discover a legislative intention, not clearly implied from the language em-

ployed.—Endlich on Statutes, § 329, where the rule, and its limitations, are clearly defined.

The language of section 4504 is plain and unambiguous: "*If, on conviction, judgment is rendered against the accused, that he perform hard labor for the county, and if the costs are not presently paid, or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county, for such period, not to exceed eight months in cases of misdemeanor, and fifteen months in cases of felony, as may be sufficient to pay the costs, at a rate not less than thirty cents per diem.*" By its express provision, a judgment against the accused that he perform hard labor for the county is preliminary and essential to the exercise of the power to impose hard labor for the costs. The imposition of hard labor for this purpose is contingent, and dependent on the concurrent happening of the rendition of judgment that the accused perform hard labor for the county, either as a penalty prescribed by statute on conviction for the particular offense, or as alternative punishment as provided by section 4503, and of the failure to presently pay or confess judgment for the costs. It is hard labor superadded to an antecedent sentence to the same kind of punishment— additional hard labor. Neither of the events required by the statute can be dispensed with, nor is either mere surplusage.

*Nelson v. State*, 46 Ala. 186, is cited as an authority sustaining the construction put upon the statute by the majority of the court. In that case the defendant was fined only. He paid the fine, but refused to pay the costs, and thereupon was sentenced to hard labor for the county, at the rate of forty cents *per diem* to pay the costs, the amount of which and time necessary to pay the same were to be ascertained by the clerk. The ruling was, that if a party, who, on conviction, is punished by fine only, fails to pay or secure the payment of the fine and costs, he may be sentenced to hard labor for the county during the time prescribed by section 3760 of the Revised Code, which corresponds to section 4503 of Code 1886. It is said: "When both the fine and costs are not paid by a party found guilty on an indictment for a public offense, punishable by fine or imprisonment in the county jail, or to hard labor for the county, the foregoing section (3760) of the Revised Code prescribes the limit of the period during which he may be sentenced to hard labor for the county if the sentence is under this section." This

[Ex parte Joice & Smith.]

is the extent to which that case and *Morgan v. State, supra,*
go.    The construction in both is confined to section 3760,
and neither makes any allusion to, or purports to construe,
the section of the Revised Code corresponding to section
4504 of the present Code.    It may be difficult to see on
what ground it was held in *Nelson's case* that the Circuit
Court did not err in refusing to discharge the defendant;
but, to be consistent with the opinion, it can only be based
on the ground, that the sentence not being for a definite
period, the defendant should be held until he serves the
number of days prescribed by section 3760 of the Revised
Code.    Neither of the cases is a judicial construction of sec-
tion 4504, of which subsequent re-enactments should be
considered a legislative adoption.

The words of section 4504, being plain and unambiguous,
leave no room for construction or interpretation.    Ambiguity,
which does not reasonably arise from the language employed,
should not be attributed in search of a case which does not
come within the scope and fair meaning of the phraseology.
When the words are plain and unambiguous, the legislature
must be intended to mean what they have clearly expressed.
*Carlisle v. Godwin,* 68 Ala. 137.    To construe the section as
authorizing the imposition of hard labor for the costs on the
assessment of a fine only, and a failure to pay or confess
judgment for the costs, necessarily eliminates, or makes of
no effect, the material and controlling words, *"if, on convic-
tion, judgment is rendered against the accused, that he per-
form hard labor for the county;"* and to construe it as if to
read, "if, on conviction, the costs are not presently paid, or
judgment confessed therefor, as provided by law, then" hard
labor for the county may be imposed for the costs, for the
time, and at the rate specified.    It may be that the legisla-
tive policy is to enforce payment of the costs by the imposi-
tion of hard labor, but they have seen proper to restrict it to
cases in which the accused is sentenced to perform hard labor
for the county.    I submit with due respect, that the con-
struction now placed on section 4504, by which a statute
highly penal in its character is extended to cases which do
not come within the scope and fair meaning of the language
employed, is unauthorized by any established canon of con-
struction, or the adjudged cases.

STONE, C. J.—I concur in the conclusion of brother
SOMERVILLE mainly on the following grounds:    *First,* his

[Liles v. The State.]

opinion follows the principle declared in *Nelson v. State*, 46 Ala. 186, decided in 1871, and in *Morgan v. State*, 47 Ala. 34, decided in 1872. *Second*, since those decisions were announced, there have been many sessions of the legislature, and two codifications of the statutes, and no change has been made in the law affecting the imposition of hard labor for costs, except to fix limits beyond which the term can not be extended. *Third*, the practice in the trial courts has been general, if not universal, to impose hard labor for costs, if not paid or secured, and this without reference to any previous sentence to hard labor for an unpaid fine.

In my opinion, an interpretation of the statutes, and a practice under that interpretation, have become established, and it would be injurious to the administration of the criminal law, if we were to depart from them.