# Bowen *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Confession of judgment; good and sufficient sureties required.*—An offer by the defendant, alone, after conviction, to confess judgment for the fine and costs, may be refused by the court, since the law requires that good and sufficient sureties be furnished.

98    83
100   28
101   329

98    83
105   129

98    83
e141  102

2. *Costs.*—"Costs," for which a person convicted, may be sentenced to hard labor, includes officer's fees incurred in behalf of the State, but does not include fees due witnesses summoned on behalf of the defendant, or cost incurred by him in making his defense.

3. *Plea of not guilty.*—This court, of its own motion, will reverse a cause, where the record fails to show that the defendant pleaded to the indictment, or that the court interposed the plea of "not guilty" for him, or that issue was joined on the plea.

FROM the Circuit Court of Butler.
Tried before the Hon. JOHN P. HUBBARD.

J. C. RICHARDSON, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of the offense of carrying a pistol concealed about his person. After conviction "he offered to confess judgment for the fine and cost, excepting from such confession the cost incurred on behalf of the defendant," and this being refused, the defendant "offered to confess a judgment for the fine and cost, except the witness fees incurred on behalf of the defendant," and this was denied by the court. We have stated the exceptions as they appear in the record of the case. As thus stated there was no error in the ruling of the court. The statute does not allow the defendant alone to confess judgment. It says section 4502, "When a fine is assessed, the court may allow the defendant to confess judgment with good and sufficient sureties, for the fine and cost."

Section 4504, provides that on conviction, "if the cost are not presently paid, or judgment confessed therefor, as provided by law, the court may impose additional hard labor," &c. The bill of exceptions fails to show that the defendant offered to confess judgment with "good and sufficient sureties," or as "*provided by law,*" and without this offer, the court was under no legal duty to take the confession of the defendant.

The word "cost" for which a person convicted may be sentenced to hard labor has been judicially declared. It includes all costs, including officer's fees incurred in behalf of the State. It does not include fees due witnesses summoned on behalf of the defendant or cost incurred by him in making his defense.—*Bradley v. State,* 69 Ala. 318. It is not the policy of the law to impose unnecessary burdens, in the matter of cost upon those who may have been convicted. The penalty proper for the offense is the fine, fixed by the statute, just as in case of felony the term of impris-

onment is fixed by law. If the defendant can pay the cost or any part of it, at the time of his conviction, or any time afterwards before the term of his sentence for the cost has expired, he is at liberty to do so, and to the extent of the payment made by him, it is a satisfaction of the sentence for cost. So a defendant, against whom a fine is assessed, may pay or confess judgment with proper security for the fine, and be sentenced for the cost, or he may pay, or confess judgment for the cost, and be sentenced for the fine. It is the duty of the court upon conviction for a misdemeanor to allow a confession of judgment with proper security for such part of the fine and cost, or either, as the defendant is able to make, with proper security, and impose the sentence for hard labor, for such part as remains not paid or confessed. The section of the Code has been judicially construed, and the construction placed upon it leads to this conclusion.— *Ex parte Joyce*, 88 Ala. 128 ; *Nelson v. State*, 46 Ala. 186; *Morgan v. State*, 47 Ala. 34 ; *Ex parte Long*, 87 Ala. 46.

We find an error in the record which has not been referred to by counsel, but which, under our statute, requires this court to notice, and which must reverse the case.

The record no where shows that the defendant pleaded to the indictment, or that the court interposed the plea of "not guilty" for him, or that issue was joined on plea.—*Childs v. State*, present term, and authorities cited.

Reversed and remanded.