FRANK P. BOYER, Appellant, v. E. B. KINNICK.

Constitutional Law: Imprisonment for Debt: COSTS IN CRIMINAL CASES. A statute authorizing imprisonment of one convicted in a criminal prosecution for nonpayment of costs, does not conflict with constitution, article 1, section 19, prohibiting imprisonment for debt "in a civil action" unless for fraud. If such costs be a debt at all, it, is adjudged in a criminal and not a civil action.

*Appeal from Davis District Court.*—HON. H. C. TRAVERSE, Judge.

TUESDAY, JANUARY 30, 1894.

HABEAS CORPUS. The defendant is sheriff of Davis county. The plaintiff was, on his plea of guilty, convicted of violating the law against the sale of intoxicating liquor. A fine was imposed, and a judgment rendered against him for costs, with an order for imprisonment till both were paid. He paid the fine, and he stands imprisoned for nonpayment of the costs, and this proceeding is to test the validity of the imprisonment. The court below held the imprisonment legal, and remanded the prisoner.—*Affirmed.*

*S. S. Carruthers* and *Eichelberger & Taylor*, for appellant.

GRANGER, C. J.—The imprisonment is authorized by the statute, and the only question in the case is the

constitutionality of the law.   The provision of the constitution relied upon as contravening the legislative act is section 19 of article 1, as follows:   "No person shall be imprisoned for debt in a civil action, on mesne or final process, unless in case of fraud; and no person shall be imprisoned for a military fine in time of peace."   The legislature may exercise legislative authority, wherein it is not prohibited by the constitution. *Stewart v. Board*, 30 Iowa, 9.   The claim of appellant is that the judgment for costs is a debt, and, therefore, the legislature can not authorize an imprisonment for it.   But if it is a debt, the act authorizing imprisonment for it is not contrary to the section of the constitution quoted, for the costs were adjudged in a criminal, and not a civil, action, and the section applies only to the latter.   The language is, "No person shall be imprisoned for debt in a civil action."   But, further, it may be said, on good authority, that a judgment for costs in a civil action is not, within the constitutional meaning, a debt.   In Alabama the corresponding provision of the constitution is broader than ours, seemingly applying to a debt in any form, the language being that "no person shall be imprisoned for debt." The supreme court of that state, in giving the provision application, said:   "In criminal cases the cost is no more a debt than the fine, and, accurately speaking, not so much so, for the fine is a sum certain *in numero*, and the cost is not."   *Morgan v. State*, 47 Ala. 34.   In Indiana the constitutional provision is, "There shall be no imprisonment for debt, except in case of fraud."   The supreme court of that state said in *McCool v. State*, 23 Ind. 127: "The costs are but an incident of the fine assessed, resulting from the same act; and although they are due to the officers of the court and witnesses, for services rendered in the course of the prosecution, they are adjudged against the defendant because of his criminal act, and may be

fairly regarded as a part of the punishment. The fine, when assessed, becomes a fixed liability to pay the state a definite amount of money. The costs are taxed, and are due to the officers and witnesses, and we are at a loss to perceive upon what principle the latter is a debt, within the meaning of the section of the constitution referred to, while the former is not."

A prominent feature of appellant's argument is based on the fact that the costs are due to individuals, and only incident to the fine. Authorities to the same effect are cited. It will be seen that such fact does not make the costs a debt, so as to bring them within the constitutional provision as to imprisonment. The order of the district court is AFFIRMED.