# Blankenship *et al.* v. The State.

*Motion to retax Cost in Criminal Case.*

1. *Retaxation of costs in criminal cases; costs incurred by defendant should not be included in cost-bill for which he confessed judgment.*— Where a judgment is confessed in a criminal case, it is for the fine imposed and the costs incurred by the State in the prosecution, and not those incurred in behalf of defendant; and where the clerk, in taxing up the costs in such case includes the costs incurred in behalf of defendant, the costs should be retaxed on the motion made by the sureties.

APPEAL from the Circuit Court of St. Clair.
Tried before the Hon. Leroy F. Box.

Walter Blankenship was convicted of an assault with
a weapon, and fined $500. H. B. Blankenship and
others confessed judgment with the defendant in open
court for the said fine and costs of the prosecution. The
sureties moved the court to retax the cost, on the ground
that the clerk, in taxing up the costs and entering the
same, included the costs incurred in behalf of the de-
fendant in said cause, both on the preliminary trial be-
fore the justice of the peace and in the circuit court, for
issuing and serving subpœnas for witnesses in behalf of
the defendant, and for fees of the witnesses who attend-
ed in answer to said subpœnas.

It was admitted on the hearing of the motion that these
items were so included in the cost bill. The court over-
ruled the motion to retax the costs and the movants
duly excepted; and on this appeal by them assign this
judgment as error.

JOHN W. INZER and M. M. SMITH, for appellant cited,
*Bradley v. State*, 69 Ala. 318; *Bowen v. State*, 98 Ala. 83.

W. C. Fitts, Attorney-General, for the State.

McCLELLAN, J.—Cost incurred by a defendant in
making defense to a charge of crime constitute a mere
debt, recoverable by execution against his property or
by separate civil proceeding, from him to the persons
who have served him in that behalf, and he can neither
be put to hard labor for their payment nor be required
as another alternative to confess judgment with surety
therefor. The judgment to be confessed in such case is
for the fine and the costs of *prosecution*, not those of the
*defense.—Bradley v. The State*, 69 Ala. 318; *Bowen v.
The State*, 98 Ala. 83.

The circuit court erred in overruling the motion to re-
tax the costs so as to eliminate from the same sought to
be collected on the confession of judgment all items of
costs incurred by the defense.

Reversed and remanded.