# Bright *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Misnomer; requisites of plea.*—A plea in abatement on account of a misnomer must not only state the defendant's true name at the time the plea is filed, but must also allege that he has hitherto been called and known by that name, although it is not necessary to aver that he was baptized by that name.

2. *Specification of ground of demurrer; presumption in favor of judgment.*—When a demurrer is sustained to a plea which is defective, the grounds of demurrer specially assigned not being shown by the record, this court will presume that the particular defect was specially assigned.

3. *Amendment of plea; when exception is necessary.*—The refusal of the primary court to allow an amendment of a plea is not revisable, in the absence of a bill of exceptions (Code, § 4978); and the proposed amendment must be set out, or so described as to show that it was not demurrable.

FROM the Circuit Court of St. Clair.

Tried before the Hon. LEROY F. BOX.

The defendant in this case was indicted, by the name of *Jasper* R. Bright, for carrying concealed weapons; and he filed a plea in abatement, duly verified by affidavit, as follows: "Now comes the defendant, Jasper R. Bright, as he is in said cause indicted and called, and says that his name is not now, nor ever was, *Jasper* R. Bright; and that he is not now, nor ever was, known or called by the name of *Jasper* R. Bright, but that his name is *Robert* Bright." The judgment on this plea is in these words: "Comes the State," &c., "and the defendant pleads in abatement to said indictment a misnomer of his christian name, as set forth in said plea; to which plea the solicitor for the State demurs, on the grounds in said demurrer set forth. The defendant thereupon asked leave to amend said plea, which is refused by the court; and to which the defendant excepts. Thereupon, it is ordered by the court, that the said demurrer be

[Bright v. The State.]

sustained;" and the defendant thereupon pleaded not guilty. The record contains a memorandum by the clerk, stating that the demurrer "was not written out, or, if it was, it is not with the file." A motion for a new trial was afterwards made, on the ground of alleged error in the ruling on the demurrer; and in this motion it is stated, that the ground of demurrer was, "that said plea does not state that defendant's name had always been Robert Bright, but simply states it now to be Robert Bright." The court overruled the motion. There is no bill of exceptions in the record.

No counsel appeared in this court for appellant, so far as the record and dockets show.

T. N. McCLELLAN, Attorney-General, for the State, cited *Craig v. Blow*, 2 Stew. 448; *Mahoney v. O'Leary*, 34 Ala. 97; *Jarman v. McMahon*, 37 Ala. 431.

SOMERVILLE, J.—The plea in abatement, interposed to the indictment by the defendant, is insufficient as a plea of misnomer. It should not only aver what the defendant's name is at the time of the issue joined, but that he has always, or at least has hitherto, been called and known by such name. It is common practice to state that the defendant was baptized by such name, if such be the fact, but this is not now deemed necessary.—1 Bish. Cr. Proc. (3d Ed.) §§ 792, 686; 2 Wharton's Precedents, 1142.

The demurrer to the plea was properly sustained. The record fails to disclose the particular grounds upon which it was based; but these must be assumed to have been sufficient, as the plea was defective for the reason above assigned, and this court will make all proper presumptions to sustain the correctness of the rulings made by the lower court.

The refusal of the court to allow the defendant to amend his plea is not revisable, in the absence of a bill of exceptions from the record. The point is one which could be reserved only in this manner.—Code, 1876, § 4978; *Jarman v. McMahon's Adm'r*, 37 Ala. 431; *Ex parte Knight*, 61 Ala. 482; *Powell v. Asten*, 36 Ala. 140; 1 Brick. Dig. 71, § 8. The record, moreover, fails to disclose the nature of the amendment proposed to be made by the defendant; and the action of the court in refusing to allow it can not be assumed to be erroneous, because the amendment may have been demurrable, and there is no error in refusing to allow an amendment to which a demurrer would be sustained.—*Beavers v. Hardie*, 59 Ala. 570.

Judgment affirmed.