# Freeman v. Pullen.

*Bill in Equity by Creditor Without a Lien to Subject Lands Fraudulently Conveyed, and for Receiver.*

1. *Suit by surviving partner; when sufficiently averred.*—Where complainant describes himself in the caption as "surviving partner" of a named firm, sets forth a debt due the firm, and prays that property be subjected to the payment of the demand due him "as surviving partner aforesaid," it is sufficiently shown that the suit is in his character of surviving partner.

[Freeman v. Pullen.]

2. *Creditor of partnership,. a creditor of the members of the firm.*
A creditor of a partnership is a creditor of the several members of the firm, and may sue either, or the legal representative of either, for the obligation of all.

3. *Surviving partners, and heirs of deceased partner, not necessary parties to bill to subject lands fraudulently conveyed by deceased.*—Where the bill is filed by a simple contract creditor of a partnership seeking to subject lands fraudulently conveyed by a deceased partner, in which the partnership had no interest, neither the surviving partners nor the heirs of the deceased, are necessary parties to the bill.

4. *Six months' exemption of personal representative from suit, not applicable to suit to cancel fraudulent conveyance by decedent.*
The statute (Code of 1896, §331) prohibiting the commencement of suits against executors and administrators, as such, until six months after the grant of letters, does not apply to suits instituted by creditors to reach and subject property fraudulently conveyed by decedent in his lifetime. Such conveyances are valid against the grantor, and the property in no sense can become assets of the estate.

5. *Presentment of claim; commencement and prosecution of suit, sufficient.*—The commencement of a suit and its continuous prosecution operates a presentation of a claim against the estate of a decedent.

6. *Bill by simple contract creditor.*—The statute (Code of 1896, §818) authorizes a simple contract creditor, without a lien, to file a bill, to discover or subject to the payment of his debt, any property which has been fraudulently conveyed by his debtor, without first exhausting his legal remedies to a return of *nulla bona*, whether the debtor be living or dead.

7. *Plea of misnomer, what must aver; remedy in equity.*—A plea in abatement on the ground of misnomer must not only aver the true name, but must negative the fact that he is or was known and called by the name employed. The proper practice in equity is a motion to strike the defective plea, and not by demurrer.

8. *Insolvency of fraudulent grantee immaterial.*—In a bill to subject lands fraudulently conveyed, it is not necessary to aver that the grantee in the fraudulent conveyance is insolvent.

APPEAL from Limestone Chancery Court.

Tried before Hon. WM. H. SIMPSON.

The caption of the bill begins: "Your orator, J. D. Pullen, surviving partner of the firm of J. S. Childers & Co., his former partner, J. S. Childers, being dead, brings this bill," &c. It was prayed that "your honor will, by decree, subject said real estate to the payment of the demand due your orator as surviving partner

aforesaid." Other averments of the bill are stated in the opinion. The defendant demurred to the bill on the grounds, substantially: 1. The names of the partners composing the firm of J. S. Childers & Co. are not set out in the bill. 2. The surviving partner or partners of the Freeman Lumber Company are not made parties to the bill. 3. That the bill is repugnant in that it seeks a recovery in favor of complainant in his individual right for a debt which is alleged to be due the firm of J. S. Childers & Co. 4. It is not averred that Rachel E. Freeman is insolvent. 5. It is not averred that the surviving partner or partners of the Freeman Lumber Company are insolvent. 7. It is not averred in the bill that complainant, or J. S. Childers & Co., have prosecuted the alleged claim against the Freeman Lumber Company to insolvency and failed to collect the same. 8. The charges of fraud as made in the bill are insufficient to put the defendant to an answer. 9. It is not averred in the bill that the alleged claim has been presented to the administrator or filed against the estate of H. S. Freeman. 10. It is not averred in the bill that a judgment has been obtained in favor of the complainant against the surviving partner or partners of the Freeman Lumber Company; and that the execution was issued thereon and returned no property found. The complainants also moved to dismiss the bill for want of equity. They also filed the following pleas to the bill: 1. That this suit was brought in less than six months after W. H. Oldacre was appointed administrator of H. S. Freeman, deceased. 2. Letters of administration were granted to the defendant, W. H. Oldacre, on the estate of H. S. Freeman, deceased, by the probate court of Morgan county, Alabama, and suit can not be maintained against him in any other county than the one in which he was appointed such administrator. 3. W. H. Perkins and M. C. Camody were partners in the firm of the Freeman Lumber Company at the time the debt claimed in this suit was created, and in which judgment has been obtained against them as surviving partners, and no execution has been issued against them for the collection of such claims and returned no property found. 4. W. H. Perkins and M. C. Camody, as surviving partners of the Freeman Lumber Company, are necessary parties to this suit. After the filing of the de-

murrers, the motion and the pleas, the bill was amended by alleging that one Hilliard Johnson, who resides in Limestone county, claimed some interest in the tract of land described in the bill, the precise nature and character of which was to the complainant unknown; that such interest was unknown to the complainant at the time of the filing of the bill; and said Johnson was made a party defendant. Subsequent to the amendment of the bill one Hilliard Tate filed a plea in which he averred that a summons to Hilliard Johnson had been served upon him in this cause, and he then alleged that his name was not Hilliard Johnson, but Hilliard Tate, and that he was known and called by the name of Hilliard Tate; and further alleged facts tending to show that his name was Hilliard Tate. The complainant demurred to the several pleas of the defendants as follows: To the first plea, on the grounds that it is not a suit seeking a personal judgment or decree against the personal representative of H. S. Freeman, or seeking to bind or affect assets of the decedent's estate. To the 2d plea, that the complainant seeks to subject to the payment of his debts, lands, and the bill can not be filed in any other county than in the one in which the land is situated. To the third plea, upon the ground that it is not shown that W. H. Perkins and M. C. Camody, or either of them have any interest in the land sought to be subjected to the payment of the complainant's debt. To the plea of misnomer filed by Hilliard Tate, the complainant demurred upon the following ground: 1. It does not deny that said defendant is known by the name of Hilliard Johnson. 2. It does not deny that the said defendant is known by the name of Hilliard Johnson as well as by the name of Hilliard Tate. Upon the submission of the cause upon the pleadings, the chancellor rendered a decree overruling the demurrers and the motion to dismiss the bill and sustaining the complainant's demurrer to the several pleas of the defendants. From this decree the defendants appeal, and assign the rendition thereof as error.

W. R. FRANCIS, for appellants.—The suit could not be brought within six months after the grant of letters. *Wilkins v. Wilkins,* 4 Por. 245; *Erwin v. Fergerson,* 5 Ala. 158; *Espy v. Comer,* 76 Ala. 501; *Powell v. McLoed,*

76 Ala. 418; *Harris v. Moore,* 72 Ala. 507; *Gibbs v. Hodge,* 65 Ala. 366. The caption and prayer of the bill are repugnant.—*Little v. Snedicer,* 52 Ala. 162; *Lucas v. Pittman,* 94 Ala. 616. The creditor must first prosecute his suit against the surviving partner.—3 Brick. 690, §74; *Offitt v. Scott,* 47 Ala. 104; *Powers v. Robinson,* 90 Ala. 225; *Goldsmith v. Eichold,* 94 Ala. 116. The heirs of H. S. Freeman were necessary parties.—*Powell v. McLoed,* 76 Ala. 418.

E. W. GODBEY, *contra.*—The fraudulent grantor's partners not necessary parties.—*Coffee v. Norwood,* 81 Ala. 512; *Slaton v. Rising,* 15 So. 848; Wait Fraud. Con. 129; *Russell v. Garrett,* 75 Ala. 348. The suit is by surviving partner, as such.—*Lucas v. Pittman,* 94 Ala. 616. Neither insolvency, nor a pursuit of legal remedies, need be shown.—*Beall v. Lehman,* 18 So. 230; *Wooten v. Steele,* 16 So. 972; *Carter v. Coleman,* 82 Ala. 177; *Dickinson v. Bank,* 98 Ala. 546; *Weis v. Goetter,* 72 Ala. 269; *Jones v. Smith,* 92 Ala. 455; *Lehman v. Meyers,* 67 Ala. 396; *McLaren v. Anderson,* 19 So. 982. Averments of fraud sufficient.—*Brook v. Waller,* 81 Ala. 549; *Hamlin v. McGillicuddy,* 62 Me. 268; *Ruse v. Bromberg,* 88 Ala. 619; *McGriff v. Alford,* 20 So. 490; *Bank v. Kenney,* 91 Ala. 470; *Sides v. Scharff,* 93 Ala. 106. Bill lies within six months of grant of administration.—*Bank v. Glass,* 82 Ala. 278; *Baker v. Mitchell,* 20 So. 40.

COLEMAN, J.—The averments of the bill show with sufficient definiteness that complainant sues in his character as surviving partner; that the lands sought to be condemned are situated in Limestone county, the county in which the bill is filed, and that the debt was due by account for goods and merchandise sold by the partnership, of which complainant is the surviving partner, "to the Freeman Lumber Company, in which H. S. Freeman was the active and principal partner." The bill avers that after said debt accrued, H. S. Freeman paid for certain lands, and had the title taken in the name of his wife, R. E. Freeman, for the purpose of hindering, delaying and defrauding the creditors "of said H. S. Freeman, he and said Freeman Lumber Company being heavily indebted and insolvent." The bill shows that H. S. Freeman died subsequent to the transaction stated

[Freeman v. Pullen.]

above. The purpose of the bill was to reach and subject
to the payment of the debt, the lands averred to have
been fraudulently purchased in the name of the wife,
and as originally filed, the administrator of H. S. Free-
man and his wife, R. E. Freeman, were made parties re-
spondent. It was subsequently amended, by making
one Hilliard Johnson a party respondent. As to said
Hilliard Johnson, the bill avers that "he claims some
interest in the tract of land described in the bill, the pre-
cise nature and character of which is to the complainant
unknown," and that such interest or claim was un-
known to complainant at the time of the filing of the
bill.

A creditor of a partnership is a creditor of the sev-
eral members composing the firm, and may sue either, or
the legal representative of either, for the obligation of
all.—Code, 1896, section 40, authorities. It does not
appear from the averments of the bill that the Freeman
Lumber Co., or the members composing the firm, other
than H. S. Freeman, have any interest in the lands paid
for by H. S. Freeman and fraudulently conveyed to his
wife by the vendor, or that it or they can be injuriously
affected by any result of the litigation; nor can we con-
ceive of any possible interest the heirs of H. S. Freeman
can have in the lands, nor why they should be made par-
ties respondent.

Section 331 of the Code of 1896, which prohibits the
commencement of suits against executors and adminis-
trators, as such, until six months after the grant of let-
ters, does not apply to suits instituted by creditors to
reach and subject property fraudulently conveyed by
the decedent in his lifetime. Such conveyances are
valid against the grantor, and the property in no sense
can become assets of the estate.—*Ala. State Bank v.
Glass,* 82 Ala. 278; *Torrey v. Bishop,* 104 Ala. 551.

The commencement of a suit and its continuous pros-
ecution operates as a presentation of a claim.—*Floyd
v. Clayton,* 67 Ala. 265.

Section 818 of the Code of 1896 reads as follows: "A
creditor without a lien may file a bill in chancery to dis-
cover or to subject to the payment of his debt any prop-
erty which has been fraudulently transferred or con-
veyed, or attempted to be fraudulently transferred or
conveyed, by his debtor." Whatever may have been our

[David v. Levy & Sons.]

former decisions, we regard the law as settled, that this statute authorizes a simple contract creditor, without a lien, to file a bill to discover or subject to the payment of his debt, any property which has been fraudulently conveyed by his debtor, without first exhausting his legal remedies to a return of *nulla bona,* whether the debtor be living or dead.—*Davis v. Swanson,* 54 Ala. 277; *Coffey v. Norwood,* 81 Ala. 517; *Handley v. Heflin,* 84 Ala. 600; *McClarin v. Anderson,* 109 Ala. 571; *Lehman v. Meyer,* 67 Ala. 396.

Hilliard Johnson did not object to the bill by demurrer. Those filed by the other respondents are without merit and were properly overruled.

A plea in abatement on the ground of misnomer must not only aver the true name, but must negative the fact that he is or was known and called by the name employed.—*Wren v. State,* 70 Ala. 1; *Bright v. State,* 76 Ala. 96. The proper practice in a court of equity would have been a motion to strike the plea, and not by demurrer. The effect, however, was the same and furnishes no ground for a reversal.

Affirmed.