# Wright *v.* The State.

*Prosecution for Trespass after Warning.*

1.  *Ruling on pleading; not reviewed when shown only by bill of exceptions*—When the rulings of a trial court on pleadings are shown only by bill of exceptions, they will not be reviewed on appeal. Such rulings should be shown by the record proper.

[Wright v. The State.]

2. *Same; amendments should be shown by the record.*—The rulings of the trial court in allowing amendments to a complaint should be shown by the record on appeal; and when shown only in the bill of exceptions, such rulings will not be reviewed.

3. *Criminal prosecution; permissible to amend affidavit.*—When a prosecution is begun by affidavit, it is not error for the trial court to permit the affidavit to be so amended as to perfect it or to meet any supposed defect.

4. *Trespass after warning; meaning of "premises;" admissibility of evidence.*—The word *"premises,"* as used in the statute punishing a trespass after warning (Code, § 5606), means any real estate and is not limited to the curtilage of a dwelling; and in a prosecution for "trespassing upon the premises" of another, evidence that the defendant trespassed upon other land of the prosecutor than that within the curtilage of the dwelling, is admissible.

5. *Trespass after warning; permissible to testify as to possession.* Possesion is a collective fact and not an opinion or conclusion; and in a prosecution for trespass after warning, it is competent for the prosecutor to testify that he was in possession of the land trespassed upon by the defendant.

6. *Same; admissibility of evidence.*—In a prosecution for trespass after warning. it is competent for the prosecutor to testify that the prosecution was commenced within sixty days after notice was given the defendant to leave the premises trespassed upon.

7. *Trespass after warning; sufficiency of possession to sustain prosecution.*—The statute which creates the offense of trespass after warning (Code, § 5606) was intended to protect the possession; and where owners are in actual possession of land, although other parties, by permission of the owners, occupied a portion of the land with the understanding that they were to leave when the owners told them, and paid no rent, notice to a person not to trespass upon said land, or to leave said land after trespassing thereon, is properly given by the owners.

8. *Evidence; when motion to exclude all the evidence of witness properly overruled.*—A motion to exclude all the evidence of a witness, where some of the evidence is admissible and only a part of it is illegal, is properly overruled.

9 *Trespass after warning; when no defense that defendant claims superior title.*—In a prosecution under the statute making it unlawful to trespass upon the lands of another, after being warned not to do so, (Code, § 5606), if the prose-

[Wright v. The State.]

cutor is in actual possession of the lands trespassed upon, it is no defense that the defendant had a superior title thereto.

10. *Trespass after warning; offense committed if defendant refuses to leave after warning.*—In a prosecution under the statute making it unlawful to trespass upon the lands of another, after being warned not to do so, if, after entering on said lands, the defendant, on being warned to leave, refuses to do so without legal excuse or good cause, he is guilty under the statute.

APPEAL from the County Court of Bibb.

Tried before the Hon. W. L. PRATT.

The appellant in this case, John Wright, was prosecuted and tried under an affidavit made before a justice of the peace, which charged that the defendant "did enter upon the premises of J. N. Campbell and J. G. Moore, and failed or refused without legal cause or good excuse to immediately leave or vacate said premies on being ordered or requested to do so by J. N. Campbell and J. C. Moore who were in actual or constructive possession of said premises, against the peace and dignity of the state of Alabama."

There were demurrers interposed to this affidavit and there was also an amendment allowed, but under the opinion on the present appeal it is unnecessary to set out the grounds of the demurrer or the amendment; the rulings thereon being shown only in the bill of exceptions.

The state introduced as a witness J. N. Campbell, who testified that he and J. G. Moore were in possession of the premises mentioned in the complaint at the time the defendant entered upon said premises; that after the defendant entered upon said premises he was requested by witness and said Moore to leave said premies, but that defendant failed and refused to leave immediately as requested; that the defendant's entry upon the land owned by the witness and Moore and the request and the defendant's refusal to comply therewith, all happened within 12 months before the commencement of the prosecution, and that said lands were situated in Bibb county; that the said lands were deeded to the witness and J. G. Moore by the Berney National

Bank. The defendant objected to each of the questions calling forth the above testimony, and moved to exclude the answers thereto upon the ground that the lands had not been shown to be any part of the curtilage of the prosecutors, and that the statement that the witness and Moore were in possession of the land was the statement of a conclusion or opinion of the witness. The court overruled each of the objections and motions, and to each of these rulings the defendant separately excepted. This witness further testified that after he and Moore had taken possession of the lands trespassed upon by the defendant they had allowed some railroad contractors to erect a camp on said lands and said contractors were so occupying the lands at the time the defendant entered upon them and refused to leave when notified; that said contractors did not pay any rent for the use of said land, but were allowed to occupy them with the understanding that they would leave said lands at any time they were notified by the witness and Moore to do so. This witness further testified that the prosecution in this case was commenced within 60 days after notice was given the defendant to leave the premises. The defendant objected to this testimony on the ground that it was illegal and immaterial. The court overruled the objection and the defendant duly excepted. The witness further testified that he and Moore took possession of the premises in 1897 and were in possession at the time the defendant entered upon the land. The defendant objected to this testimony and moved the court to exclude it, on the ground that it was a statement of a conclusion or opinion of the witness. The court overruled the objection and motion, and to this ruling the defendant duly excepted. The witness further testified, against the objection and exception of the defendant, that he and Moore were in possession of the lands in question when the defendant entered upon them, and also at the time they notified the defendant to leave and the defendant refused to do so.

J. G. Moore, a witness for the state, testified to substantially the same facts as were testified to by J. N. Campbell. The defendant moved to exclude all the testimony

of the witness Moore, and duly excepted to the court overruling his motion.

The defendant's evidence tended to show that he and his brother owned the land which was trespassed on; that the deed to Campbell and Moore from the Berney National Bank did not include said land; and that the State's witness Campbell and Moore were not in possession of the part of the lands which the defendant entered upon.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that unless you believe from the evidence, that the place trespassed on was the dwelling of J. N. Campbell or J. G. Moore, then you cannot convict." (2.) "The court charges the jury that if the land belonged to the Wrights then they had a good right and legal excuse for being there, and you will find them not guilty." (3.) "If you believe from the evidence that the land belonged to the Wrights, then they would have a legal right there and you will find defendant not guilty." (4.) "The court charges the jury that if you believe all the evidence in the case you will find defendant not guilty." (5.) "The court charges the jury that unless the Wrights were warned before they went on the land, then you will find them not guilty." (6.) "I charge you gentlemen of the jury that you must believe from the evidence that the defendant did go back on the land after Moore and Campbell took possession under the Berney National Bank deed at which the warning was given you must acquit the defendant." (7.) "I charge you gentlemen of the jury that if you believe from the evidence that Moore and Campbell had the wrong possession of land through the Berney National Bank, Moore and Campbell were trespassers, there can be no conviction of these defendants."

J. M. McMASTER and W. H. WRIGHT, for appellant. The court erred in allowing the prosecution to prove that the defendant trespassed upon any other lands than the curtilage of the dwelling of the prosecutor; the word "premises" meaning the curtilage or lands

necessarily used in connection therewith.—*Washington v. State,* 82 Ala. 31; *Fister v. State,* 43 Ala. 17; 46 Wis. 695.

Under the evidence in this case the prosecutors, Campbell and Moore, were not in the actual possession of the lands on which the trespass was alleged to have been committed; but the possession thereof was held by their tenant. Therefore a warning given by them was not effective in law.—*Mathews v. State,* 81 Ala. 66; *Bohannan v. State,* 73 Ala. 47; *Sewell v. State,* 82 Ala. 57.

The defendant could not be convicted in this case. He entered on the lands under a *bona fide* claim of title.—*McLeod v. McLeod,* 73 Ala. 42.

MASSEY WILSON, Attorney-General for the State. The rulings of the court upon the demurrer to the affidavit and in allowing the amendment to the affidavit are shown only by the bill of exceptions; and not being shown by the record proper, such rulings can not be reviewed on appeal.—*Beck v. West,* 91 Ala. 312; *Powell v. Henry,* 96 Ala. 412; *Heard v. Hicks,* 101 Ala. 102; *Simpson v. State,* 111 Ala. 6; *U. S. v. Weir,* 96 Ala. 396.

The objection of the defendant to the testimony of the witness Campbell was properly overruled.    The word "premises" in the statute means any real estate. *Sandy v. State,* 60 Ala. 18.

The witnesses were properly allowed to testify that Campbell and Moore were in possession of the land. *Higdon v. Kennemer,* 112 Ala. 351.

The prosecutors and owners being in actual possession, although other parties were also on the land, notice was properly given by the owners.—Code, § 5606; *Garrett v. Sewell,* 108 Ala. 521, 525; *Sewll v. State,* 82 Ala. 57.

Charges 2 and 3 were properly refused. If the prosecutors were in actual possession of the land, it was no defense that the defendant had the superior title. *Lawson v. State,* 100 Ala. 7.

DOWDELL, J.—The prosecution in this case was commenced on affidavit made before a justice of the

peace and returnable to the county court of Bibb county, where the defendant was tried and convicted for a violation of section 5606 of the Code. The defendant demurred to the affidavit but the record proper fails to show any judgment by the court on the demurrer. The bill of exceptions recites that the demurrer was overruled by the court but under the settled practice of this court judgment of the trial court on the pleadings cannot be reviewed here when shown only by the bill of exceptions.—*Beck v. West*, 91 Ala. 312; *Powell v. Henry*, 96 Ala. 412; *Heard v. Hicks*, 101 Ala. 102.

In prosecutions begun by affidavit it is not error for the court to allow the affidavit to be amended so as to perfect it or meet any supposed defects. But whether properly allowed or not in the present case we need not say, since the ruling of the court below on this question is not shown by the record proper. Appearing here only in the bill of exceptions, the ruling of the court cannot be reviewed.—*Simpson v. State*, 111 Ala. 6; *U. S. v. Weir*, 96 Ala. 396.

The witness Campbell testified that he and J. G. Moore were in the possession of the *premises* trespassed on. The defendant objected to this testimony on the ground that the land trespassed upon was not shown to be any part of the curtilage of the dwelling; his insistance being that premises mean the curtilage and nothing more, and that as the affidavit or complaint charges a trespass on the premises, it is not permissible to show a trespass on other land than that within the curtilage of the dwelling. This contention is without merit. The word "premises" in the statute means any real estate.—*Sandy v. State*, 60 Ala. 18.

There was no error in overruling the objection to the statement of the witness Campbell, that he and J. G. Moore were in possession of the land, on the ground that it was an opinion or conclusion of the witness.—*Higdon v. Kennemer*, 112 Ala. 351. Possession is a collective fact, and not an opinion or conclusion, and it was competent for the witness to state that he was in possession. It was open for the defendant on a cross-examination to inquire into the particulars going to make

up the collective part of possession, or to show by such cross-examination an absence of the particulars necessary to constitute such collective fact.

Whether or not the prosecution was commenced within sixty days after notice given the defendant to leave the premises, was a fact to which it was competent for the witness to testify, and there was no error in overruling the defendant's objection to this evidence.

The prosecutors and owners being in actual possession of the land, although other parties were also on it, who were there by permission of the owners, and as the evidence shows without paying rent and with the understanding to leave whenever the owner told them to do so, notice to the defendant was properly given by the owners.—Code, § 5606; *Garrett v. Sewell*, 108 Ala. 521, 525; *Sewell v. State*, 82 Ala. 57.

The defendant moved the court to exclude all of the evidence of the witness Moore, which motion the court properly overruled. Some of the evidence of this witness was unquestionably admissible, and if any part of it was illegal and objectionable it was the duty of the defendant to have pointed out in his motion the illegal and objectionable. It is never incumbent on the court on a general objection to evidence to separate the illegal from the legal; this duty rests upon the party objecting. The defendant having called for a part of the conversation had in a conference between Moore and defendant's attorney Clements, it was competent for the State to call for all that was said in such conversation.

Charge one requested by the defendant is based on the theory that the word "premises" is confined and limited in its meaning to the dwelling and curtilage. As stated above, this is not the meaning of the word as employed in the statute. This charge was properly refused. *Sandy v. State*, 60 Ala. 18.

If the prosecutors were in the actual possession of the land claiming to own the same when the warning was given the defendant, it is no defense that the defendant had the superior title. Charges two and three

were, therefore, properly refused.—*Lawson v. State,* 100 Ala. 7.

There being evidence of the guilt of the defendant, charge four, which was the general affirmative charge, was properly refused.

If after entering on the land, the defendant on being warned to leave, refused to do so, without legal excuse or good cause, he would be guilty under the statute, § 5606 of the Code. Charge five, for this reason, was bad, and was properly refused. Charge six is obscure and unintelligible, and if for no other reason, was properly refused on this ground. Charge seven is bad for the reason stated as to charge two and three.

We find no error in the record, and the judgment will be affirmed.