# McQueen v. The State.

*· Prosecution for Failure to Perform Contract with Surety on Conviction of Judgment.*

1.  *Failure to perform contract with surety on confession of judgment; amendment of affidavit.*—On a prosecution for failure of a defendant to perform a contract with his surety who had confessed judgment with him on conviction for a misdemeanor, where the affidavit charged that the confession of judgment by the surety with the defendant was for the "fine and costs," it is admissible, on the trial, for the State to amend the affidavit by striking out the words, "fine and," and after such amendment, it is not necessary that there should be a reverification.

2.  *Same; confession of judgment for only costs.*—Where a confession of judgment by a surety is only for the costs of the defendant's conviction, and not for the fine and costs, and upon such confession of judgment, the defendant enters into a contract with his surety, and fails to perform said contract, he·may be prosecuted for such failure under the statute, (Code §4751).

APPEAL from the Law Court of Pike County.

Tried before the HON. T. L. BOROM.

The appellant in this suit, Bud McQueen, was tried and convicted of failure to perform a contract with a surety who had confessed a judgment for him upon his conviction for a misdemeanor.

Upon the state's offering to amend the affidavit under which the prosecution was commenced, as is shown in the opinion, the defendant objected. The court overruled the objection, and the defendant excepted.

After the affidavit was amended, the defendant demurred thereto upon the ground that the affidavit as amended showed that there was confession of judgment for only the costs, and therefore said affidavit charged no offense known to the law. This demurrer was overruled.

[McQueen v. The State.]

There was evidence introduced tending to show defendant was guilty of the offense charged; and from the judgment of conviction the present appeal is prosecuted.

C. E. HARMON, for appellant.

MASSEY WILSON, Attorney-General for the State.— The amendment to the affidavit was properly allowed. No new cause of action was introduced and no re-verification was necessary.—*Gandy v. State,* 81 Ala. 70 ; *Simpson v. State,* 111 Ala. 6 ; *Perry v. State,* 78 Ala. 22 ; *Blankenshire. v. State,* 70 Ala. 10 ; *Williams v. State,* 88 Ala. 80 ; *Tatum v. State,* 66 Ala. 465 ; 1 *Enc. Pl. & Pr.* 578, 584.

If the defendant may pay the fine against him and confess judgment with proper security for the costs, and thereupon enters into a contract with his surety, it necessarily follows that if he fails to keep his contract with his surety he may be proceeded against in the manner prescribed in section 4751 of the Code.—*Wynn v. State,* 87 Ala. 137 ; *Ex parte Joice,* 88 Ala. 128 ; *Lee v. State,* 75 Ala. 29 ; *Code,* §§ 5423 *to* 5426.

DOWDELL, J.—The prosecution in this case was under section 4751 of the Criminal Code, and was begun by affidavit and warrant. The affidavit as originally made, charged among other things, that the confession of judgment by the surety with the defendant was for the *"fine and costs,"* and for which the defendant contracted in writing with his surety under the statute to work out. On the trial, against the objection of the defendant, the court allowed the affidavit to be amended by striking out the words "fine and," and this was done without a re-verification. The affidavit after the amendment contained nothing more than the original. No additional statements of facts was made and hence no *re-verification* was required. The right of amendment of

the affidavit or complaint in prosecutions for misdemeanors has been fully determined by the decisions of this court.—*Gandy v. State,* 81 Ala. 70; *Simpson v. State,* 111 Ala. 6; *Perry v. State,* 78 Ala. 22; *Blankenshire v. State,* 70 Ala. 10; *Williams v. State,* 88 Ala. 80; *Tatum v. State,* 66 Ala. 465.

The next contention of the appellant is, that there can be no prosecution under the statute for the violation of a contract to perform service, where the confession of judgment by the surety is only for the costs of the defendant's conviction, and not for the "fine and costs." In the case of *Bowen v. State,* 98 Ala. 83, this court, speakin through COLEMAN, J., said: It is the duty of the court upon conviction for a misdemeanor to allow a confession of judgment with proper security for such part of the fine and costs, or either, as the defendant is able to make, with proper security, and impose the sentence for hard labor, for such part as remains not paid or confessed. The section of the Code has been judicially construed, and the construction placed upon it leads to this conclusion." Citing, *Ex parte Joice,* 88 Ala. 128; *Nelson v. State,* 46 Ala. 186; *Morgan v. State,* 47 Ala. 34; *In re Long,* 87 Ala. 46.

The statute which authorizes a defendant to contract with his surety, who has confessed judgment with him, in the manner provided, is a humane one, and was enacted for the benefit of the defendant, and this humane purpose of the law makers would in a measure be defeated, if the construction of the statute contended for by appellant's counsel was adopted. It is, we think, made quite plain, that under the authorities above cited, the defendant may confess judgment with surety for either the fine or costs. And in either case, if he contracts in writing with his surety to perform service according to the provisions of the statute, and fails or refuses without good excuse to keep his contract, he may be prosecuted under section 4751 of the Code.

We find no error in the record, and the judgment appealed from must be affirmed.