# Campbell *v.* The State.

*False Pretense by Refusing to Perform Service Contract.*

(Decided April 18, 1907.   43 So. Rep. 743.)

1. *Criminal Law; Affidavit; Sufficiency.*—An affidavit of complaint in a prosecution for misdemeanor is sufficient if it designates the offense charged by name, under the provsions of General Acts, 1903, p. 283.

2. *Same; Amendment.*—By filing an affidavit sufficiently charging the offense in detail, an insufficient affidavit in a prosecution for misdemeanor may be amended before the court passes on a demurrer.

3. *Same; New Prosecution.*—If the original affidavit did not charge any offense, an affidavit amendatory thereof charging a misdemeanor is not demurrable for that it sets up a new offense.

4. *Same; Evidence; Documentary Evidence; Contracts.*—In a prosecution for false pretense by obtaining property under a contract to perform service, a written contract is admissible although executed by mark, if proven by a subscribing witness who signs his name as such.

5. *Same; Confessions; Admissibility; Voluntary.*—Testimony as to declarations or confessions made by accused tending to incriminate him are not admissible in evidence unless shown to be voluntarily made.

6. *Same; Trial; Instructions on the Effect of Evidence.*—Under section 3326, Code 1896, a charge by the court that the state has proven everything beyond a reasonagle doubt except the intent and that a failure to perform is the same as a refusal to perform, is a charge upon the effect of evidence and invasive of the province of the jury, and its giving error.

APPEAL from Wilcox County Court.

Heard before Hon. J. F. FOSTER.

John Campbell was convicted of obtaining property by false pretenses under a contract to perfoim service, and appeals.   Reversal and remanded.

The original affidavit in the county court was in the fcllowing language: "I have probable cause for believing and do believe that the offense of breaking a labor contract, said contract being in writing, made between

John Campbell and R. B. McNeil, dated June 11, 1904, has been committed in said county by the said John Campbell on, to-wit, the 30th day of January, 1905." Demurrers were interposed, for that the contract alleged to have been broken is not shown to have been for any specified time; for that said alleged contract, for aught that appears, was broken with the consent of R. B. McNeil; for that, for aught that appears, the alleged breaking of the contract occurred after the expiration of the same; for that it is not alleged that defendant did not have sufficient excuse, etc. These demurrers being confessed, the solicitor was permitted by the court to amend his affidavit, and as amended it reads as follows: "I have probable cause for believing and do believe that the offense of intending to injure or defraud his employer has been committed by John Campbell, who did, with intent to injure or defraud, enter into a contract in writing with Robert B. McNeil, his employer' for the performance of labor and service, and thereby obtained money and other personal property from said employer, to-wit, a suit of clothes, for $12.75, and a watch and chain, for $2, and with like intent, and without just cause, and without refunding said money, or paying for said property, said John Campbell refused to perform said labor and service. Said offense has been committed by said John Campbell in said county on, to wit, the 30th day of January, 1905, and this affidavit is made amendatory of the affidavit made in this case from the 1st day of February, 1905." Demurrers were interposed to this affidavit, because it seeks to charge a different offense entirely from the one sought to be charged in the other affidavit, and because it seeks to charge an offense under a section of the Code which has been declared unconstitutional.

Charles Ratcliff, being introduced as a witness for the state, testified that he had a conversation with defendant in July, 1905, in which defendant stated that he did not owe McNeil a cent, that he had worked out his time, and if McNeil let him have anything that was his lookout. The same testimony was given by Stevenson. Both statements were objected to, and motion made to exclude them, on the ground that they were in the na-

[Campbell v. The State.]

ture of a confession. The oral charge of the court appears in the opinion. The defendant was convicted, and appeals.

NORMAN D. GODBOLD, for appellant.—When demurrers to the original affidavit were confessed the original prosecution ceased.—*Toney v. The State,* 141 Ala. 120. It was not proper for the court to allow an amendratory affidavit to be filed against the obection of defendant. It charged a new and different offense from that sought to be charged by the original affidavit.—*Gandy's Case,* 81 Ala. 71; *Perry v. The State,* 78 Ala. 88; *Tatum v. The State,* 66 Ala. 465.

ALEXANDER M. GARBER, Attorney-General, for State. Clearly the complaint was sufficient.—Section 4600, Code 1896; *Brazzleton v. The State,* 66 Ala. 96; *Sale v. The State,* 68 Ala. 330; *Williams v. The State,* 88 Ala. 83. The court properly permitted the affidavit to be amended.—*Simpson v. The State;* 111 Ala. 6; *Wright v. The State,* 136 Ala. 139; *Holland v. The State,* 139 Ala. 120. The amendment related back to the filing of the original affidavit.—*Chambers v. The Association,* 126 Ala. 296. The court properly admitted the contract in evidence. The signature was valid and it was not necessary that there should be two witnesses.—*Chastain v. Porter,* 130 Ala. 418; *Houston v. The State,* 114 Ala. 15.

TYSON, C. J.—The original affidavit or complaint did no more than to attempt to designate the offense by name, etc., which is entirely permissible in prosecutions for misdemeanors.—Gen. Acts 1903, p. 283. Whether it sufficiently did so to withstand an attack is not presented by the record, since, before the demurrer interposed to it was passd upon by the court, an amandatory affidavit was filed which sufficiently charged the offense in detail. This amendment seems to have been objected to, but no exception to its allowance is shown by the bill of exceptions. But, if the exception had been properly presented for review, it would be of no avail, for the reason that the original

affidavit or complaint was amendable in the manner shown to have been done.—*Simpson v. State*, 111 Ala. 6, 20 South. 572; *Wright v. State*, 136 Ala. 139, 34 South. 233; *Holland v. State*, 139 Ala. 120, 35 South. 1009.

To the amended complaint a demurrer was interposed, which seems to challenge, not the sufficiency of the allegations, but the correctness of its allowance. Without conceding the correctness of this method of raising the question vel non of the propriety of permitting the amendatory affidavit to be filed, we feel no hesitancy in holding that the demurrer was properly overruled. The grounds of demurrer assigned proceed upon the theory that the amendatory affidavit or complaint was the institution of a new prosecution; and this seems to be based upon the idea that the original complaint or affidavit charged either no offense whatever, or a different one from that charged in the amendatory affidavit. Neither of these theories is tenable; for clearly, if the original complaint or affidavit failed to charge an offense, this defect needed to be cured, and it was the office of the amendment to remedy it .

As to the point that a different offense was charged in the amendatory affidavit, this is not shown to be a fact, as will be readily seen by a comparison of the original and amendatory complaints. The written contract introduced in evidence by the state was properly admitted. Its execution by defendant, who signed his mark, was proven by the subscribing witness who wrote his name as an attesting witness.—*Houston v. State*, 114 Ala. 15, 21 South. 813; *Chastain v. Porter*, 130 Ala. 410, 30 South. 492. Nor was it subject to the objection of being void on account of indefiniteness as to the time and kind of labor to be performed by defendant.

The statement made by defendant, testified to by each of the witnesses, Ratcliff and Stevenson, involving, as they did, a declaration or confession tending to incriminate him, were not shown, either directly or circumstantially, to have been voluntary. They were prima facie inadmissible, and the objection interposed to their introduction should have been sustained.

The oral charge of the court in this language, to which an exception was taken, "The state has proven everything beyond a reasonable doubt except the intent," and, further, "A failure to perform is the same as a refusal to perform," was cleaily erroneous, as invading the province of the jury and as charging upon the effect of the evidence.—Section 3326 of the Code of 1896, and cases cited under it.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.