# Morrison *v.* The State.

## *Trespass.*

(Decided May 14, 1907. 44 South. 150.)

1. *Indictment and Information; Affidavit; Amendment.*—Where the affidavit embraced the two alternatives in the statute, but omitted a portion of the wording under one of the alternatives, it was proper to permit an amendment before trial alleging the matter omitted.

2. *Trespass; Criminal Responsibility; Evidence.*—The defendant having testified that he had been to a certain house to collect a bill, and he and another having testified that it was impossible to go to the house to which he had been without crossing the land of the prosecuting witness, but it not appearing therefrom that it was necessary to cross the particular lot in question, evidence as to whether it was necessary for defendant to go to this particular house to collect a bill was irrelevant, and improperly admitted; the question of legal cause or good excuse not having been raised by the other testimony.

3. *Trial; Instructions; Effect of Evidence.*—A charge asserting that if the jury believe the evidence in the case as a matter of law the defendant's going to the house of T. across the property of the complaining company, even if there was no other way to get to the house except across the company's property, would not constitute legal cause or good excuse and defendant must be convicted, is a charge upon the effect of evidence prohibited by section 3326, Code 1896.

4. *Same; Instructions Requested in Bulk.*—It is not error to refuse instructions requested in bulk where any one of said instructions was bad.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Joe Morrison was convicted of trespass after warning, and appeals. Reversed and remanded.

The defendant was convicted of trespass. The facts are sufficiently stated in the opinion. In its oral charge, the court said: "If the jury believe the evidence, they must acquit the defendant on the second count of the complaint; but, if the jury further believe the evidence in this case, the court charges you as a matter of law

that the defendant's going to the home of Tilton across the property of the Tennessee Company, even if there was no other way to get to Tilton's home, except by going upon the property of the Tennessee Company, this would not be a legal cause or good excuse, and you must convict the defendant under such count of the com-plaint." The charges requested by the defendant were requested in bulk, one of which was the affirmative charge.

FRANK S. WHITE & SONS, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

SIMPSON, J.—The defendant in this case was con-victed of the offense of trespass after warning. The prosecution was commenced by affidavit. The first count in the affidavit is in the language of the statute (section 5606, Code 1896), charging the offense of unlawfully entering the premises, after having been warned not to do so, within six months . The second, as it originally stood, followed the wording of the second clause in the statute, with the exception that it did not allege that the defendant had entered "without having been warned within six months not to do so."

The defendant moved to quash the affidavit, first, be-cause it did not "aver whether the Tennessee Coal, Iron & Railroad Company is an individual, firm, or corpor-ation; and, second, because the "affidavit does not aver that the defendant had been ordered or requested to leave the premises alleged to have been trespassed up-on." An inspection of the affidavit, as set out in the statement of the case, shows that it states that said company is "a corporation," and also that defendant

entered "after having been warned not to do so." The court properly overruled the motion. The affidavit was then, by leave of the court, amended so as to make the second count in the affidavit state that the defendant entered "after having been warned within six months not to do so," to which the defendant excepted. There was no error in this action of the court.—*Wright v. State,* 136 Ala. 139, 34 South. 233.

While the defendant testified that he had been to Tilton's house to collect a bill, and he and another witness testified that it was impossible to get to Tilton's house "without going upon the property of the Tennessee Coal, Iron & Railroad Company," yet neither testified that it was necessary to cross this particular lot, so the question of "legal cause or good excuse" was not before the court. Hence the question to the witness Tilton, by the state, whether "it was necessary for the defendant to come to his house to collect the bill," was irrelevant, and should have been excluded.

The oral charge of the court, set out in the bill of exceptions, was a charge on the effect of the evidence, which is forbidden, when not requested in writing. Consequently the court erred in giving the same.—Code 1896, § 3326.

There was no error in the refusal to give the charges requested by the defendant.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.