# Hamilton *v.* The State

*Abusive, Obscene or Insulting Language.*

(Decided Nov. 21, 1907.   44 So. Rep. 968.)

1. *Criminal Law; Affidavit; Verification.*—It is no objection to an affidavit charging defendant with criminal intent that it was verified before a notary public and not in open court.

2. *Same; Amendment.*—Where the original affidavit among other things charged that the defendant cursed in the presence of females the state was properly permitted to file an amended affidavit correctly charging the offense.

2. *Same; Evidence; Objection; Exclusion.*—Where the evidence tended to prove the offense charged and related to the same conversation which had been testified to by other witnesses, it was not error to refuse to exclude the testimony.

4. *Same; Trial; Remarks of Solicitor.*—Where the evidence which is admitted without objection shows that defendant stated as a part of the conversation in which the objectionable language is used, that he would kill R. and six more like him, it was not error to refuse to exclude the statement of the Solicitor to the jury that defendant said he would kill R., etc.

5. *Same; Evidence; Election of Acts.*—Where the use of the abusive or insulting language was one continuous conversation, although a part of it was had on the platform and a part across the track near the platform the state was not required to elect as to which part of the conversation it would rely upon for a conviction.

APPEAL from Clarke County Court.

Heard before Hon. Thomas W. DAVIS.

Lamar Hamilton was convicted of using insulting, obscene, and abusive language in the presence of females, and he appeals.   Affirmed.

[Hamilton. v. The State.]

The original affidavit charged that he got off or on a moving train; also resisted process by an officer and threatened to cut officer with pocket knife; also cursed in the presence of females. The state was permitted to amend its affidavit by charging properly that the defendant, in the presence or hearing of a woman, made use of abusive, insulting, or obscene language. Pending the substitution of the amended affidavit, the defendant moved to quash the original affidavit on the ground that it charged no offense. The witness Cooper testified substantially that he saw defendant at Whatley on the 19th day of May, 1907, and heard the defendant say to Mr. May that he would be arrested by no damn man in Whatley. The witness also detailed other obscene and insulting language used by the defendant, and stated that Mrs. Taylor was standing on the platform at the time within hearing. It appeared from the testimony of other witnesses that some of the abusive language was used by defendant while on the platform at the depot, and other language while just across the track from the depot, all on the same day, near the same place, and within a short period of time.

WILSON & ALDRIDGE, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. The amendment cured the defect.—*Wright v. The State,* 136 Ala. 139. The offense was continuous and there was no cause for an election.—*Carl v. The State,* 125 Ala. 89; *Willis v. The State,* 134 Ala. 429.

SIMPSON, J.—The appellant was arrested under an informal affidavit charging several offenses, and, among them, that of cursing in the presence of females. At the

[Hamilton v. The State.]

trial the state was permitted to amend the affidavit so as to charge that the defendant, "in the presence and hearing of a woman, made use of abusive, insulting, or obscene language," which amended affidavit was duly verified.  Said affidavit was verified before a notary public, and there is no force in the objection to it on the ground that it was not "verified in open court."  There is no law requiring such affidavits to be verified in open court.

There was no error in allowing the substituting of the amended affidavit, whereby the defect in the original affidavit was cured.—Code 1896, § 4306; *Wright v. State,* 136 Ala. 139, 34 South. 233.

There was no error in overruling the motion to exclude the entire testimony of the witness Cooper.  The date, the place, and the circumstances show that the matter testified about relates to the same conversation which had been testified about by the other witness, and it tended to prove the offense charged in the affidavit.

There was no error in the refusal of the court to exclude the remark of the solicitor that defendant had said he would "kill John Rogers and six more like him," as there had been testimony of that fact without objection; and it was a part of the conversation in which the "abusive, insulting, or obscene language" was used.

There was no error in the overruling of the motion to "require the state to elect as to whether it was prosecuting the defendant for cursing on the railroad track, or on the platform of the station house," as it was all one continuous conversation.—*Carl v. State,* 125 Ala. 89, 105, 28 South. 505; *Willis v. State,* 134 Ala. 429, 450, 33 South. 226.

The judgment of the court is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.