# Nelson v. The State.

### Carrying Concealed Weapon.

(Decided June 15, 1916. Rehearing denied August 1, 1916. 72 South. 510.)

1. **Appeal and Error; Review; Objection Below.**—In the absence of a bill of exceptions showing that an objection and exception was made and taken to the action of the trial court in permitting the state to amend an affidavit charging defendant with carrying concealed weapons, etc., such action cannot be reviewed on appeal.

2. **Affidavit; Amendment.**—Since, under § 6723, Code 1907, all amendable errors are regarded as amended upon appeal, and since the amendment allowed eliminated one of the offenses charged, the defendant was not prejudiced by the state's striking from the record the second alternative of the affidavit, charging defendant with carrying a concealed weapon.

3. **Same; Re-verification.**—Where an affidavit charges two offenses in the alternative, and the second alternative is stricken by leave of the court, a re-verification is unnecessary.

4. **Appeal and Error; Harmless Error; Pleading.**—Where no objection was interposed to the amended affidavit because not reverified, any defect will be considered cured under the provisions of § 6723, Code 1907.

5. **Affidavit; Amendment; Re-verification.**—Where an affidavit charges two offenses in the alternative, the striking of one of the alternatives was not the institution of a new prosecution in such a sense as to require a re-verification of the amended affidavit.

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Wiley J. Nelson was convicted of carrying a concealed weapon, and he appeals. Affirmed.

WM. F. THETFORD, JR., for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

(Ed. Note—This cause was reviewed by the Supreme Court, and the writ denied. See *Ex Parte Nelson,* 198 Ala., 73 South. 1001.)

EVANS, J.—(1, 2) This appeal is upon the record proper; no bill of exceptions having been filed herein. The prosecution of this case was instituted on affidavit before a justice of the peace, with a warrant returnable to the county court. The affidavit as originally drawn charged that defendant "did carry a pistol concealed about his person or on premises not his own or under his control." The judgment entry shows that by leave of the court the affidavit was amended by striking out the alternative averment "or on premises not his own," etc., and demurrers were refiled to the affidavit as amended. The record further shows an amended affidavit verified before the same justice taking the original. The objection and exception to the action of the trial court in allowing an amendment to the affidavit cannot be availed of by appellant in the absence of a bill of exceptions.—*Campbell v. State,* 150 Ala. 70, 43 South. 743; *Bright v. State,* 76 Ala. 96; *Markland v. Albes,* 81 Ala. 433, 2 South. 123. The action of the trial court in permitting the state to amend was free from error.—*Rogers v. State,* 12 Ala. App. 196, 67 South. 781; *Hamilton v. State,* 153 Ala. 63, 44 South. 968; *Wright v. State,* 136 Ala. 139, 34 South. 233; Code, § 6723. Where the affidavit was broad enough to cover either of two offenses laid in the alternative, defendant cannot be prejudiced by the striking of one of them.

There is no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.

## ON REHEARING.

(3) It is insisted by appellant's counsel that a rehearing should be granted in this matter because, when one of the alternative averments was stricken out of the affidavit, as indicated in the opinion supra, the affidavit thus amended was not reverified; and counsel insists "defendant was placed on trial upon a criminal charge unsupported by oath." We cannot assent to this view. The affidavit contained two charges, to wit: Carrying a pistol: (1) Concealed about defendant's person; and (or) (2) on premises not his own or under his control; these two charges or separate offenses being laid in the alternative, as authorized by section 7151, Code 1907. The striking of one charge did not alter the sense nor import anything into the

affidavit; on the contrary, subtracted therefrom, and placed appellant upon trial to answer for one instead of two offenses. In *McQueen's Case*, 141 Ala. 100, 37 South. 360, Dowdell, J., said: "The prosecution in this case was under section 4751 of the Criminal Code, and was begun by affidavit and warrant. The affidavit as originally made, charged, among other things, that the confession of judgment by the surety with the defendant was for the 'fine and costs,' and for which the defendant contracted in writing with his surety under the statute to work out. On the trial, against the objection of the defendant, the court allowed the affidavit to be amended by striking out the words 'fine and,' and this was done without a reverification. The affidavit after the amendment contained nothing more than the original. No additional statement of facts was made, and hence no reverification was required."

Application denied.