(116 So. 340)

## HAMILTON v. STATE.   (6 Div. 55.)

Supreme Court of Alabama.   March 29, 1928.

1. **Criminal law ⬅814(1)—Requested charges on defendant's right to carry weapon held properly refused as being abstract and seeking to present an immaterial issue (Code 1923, §§ 3485–3487, 4456; Const. 1901, § 26).**

In murder prosecution, wherein prosecuting attorney read Code 1923, § 4456, forbidding reduction of homicide to manslaughter, when perpetrated in sudden affray caused by assailant by use of concealed deadly weapon, defendant's requested charges, alleged to be authorized by Const. 1901, § 26, and Code 1923, §§ 3485–3487, that defendant had right to carry weapon, provided weapon was not concealed from ordinary view, *held* properly refused as being abstract under the issues of fact presented, and seeking to present an immaterial issue for jury.

2. **Criminal law ⬅807(1)—Homicide ⬅293—Requested charges on right to carry weapon held properly refused as not properly limited and as argumentative, indefinite, and misleading (Code 1923, §§ 3485, 4456).**

In murder, prosecution, wherein prosecuting attorney read Code 1923, § 4456, forbidding reduction of homicide to manslaughter, when perpetrated in sudden affray caused by assailant by use of concealed deadly weapon, defendant's requested charges that defendant had right to carry weapon for defensive purposes, if deceased had made threats of violence against defendant's life prior to difficulty, *held* properly refused because indefinite as to time of threats, and because manner and place of carrying was not properly limited under section 3485, and as being argumentative and misleading.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Mattie Hamilton was convicted of murder in the first degree, and she appeals. Affirmed.

These charges were refused to defendant:

"(4) If you are reasonably satisfied from the evidence that the deceased, Alice James, had made threats on the life of the defendant prior to the difficulty, then the defendant had a right under the law to carry a weapon for defensive purposes.

"(5) I charge you that, under the law, the defendant had a right to carry a weapon for defensive purposes, provided you are reasonably satisfied from the evidence that the deceased, Alice James, had made threats of violence on her person previous to the difficulty.

"(6) I charge you that the defendant had a right to carry a weapon about her person on her premises and in the public road, provided you are reasonably satisfied from the evidence that she did not have said weapon concealed from ordinary view.

"(7) The defendant had a right to have a weapon on her person about her premises or in the public road, provided you are reasonably satisfied from the evidence that said weapon was not concealed from ordinary view."

Fort, Beddow & Ray, of Birmingham, for appellant.

The solicitor having read section 4456 to the jury, defendant's requested charges 4, 5, 6, and 7 should have been given. Code 1923, §§ 3485, 3487; Isaiah v. State, 176 Ala. 27, 58 So. 53; Clark v. State, 216 Ala. 7, 111 So. 227.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

THOMAS, J. The indictment was for murder in the first degree, the verdict was guilty, and the punishment fixed at life imprisonment.

In the proceeding on evidence, no questions for review are presented or insisted upon in argument. There was evidence tending to show a previous animosity that existed at the time of the homicide.

[1] The motion for a new trial is rested upon grounds, among which are that the prosecuting attorney in his argument to the jury read section 4456 of the Code, forbidding the reduction of a homicide to manslaughter, when perpetrated in a sudden rencounter or affray caused by the assailant, and by the use of a deadly weapon that was concealed before the commencement of the fight, and the adversary having no deadly weapon drawn; and that, in reply, defendant's requested charges 6 and 7 were refused.

This action of the trial court is urged as error, for the reason that the defendant had the right to bear arms, under section 26 of the Constitution of 1901 and the action of the Legislature (Special Session 1909, p. 258; sections 3485–3487, Code of 1923; Isaiah v. State, 176 Ala. 27, 58 So. 53) to regulate the carrying of firearms and concealed weapons. These charges were abstract under the issues of fact presented, and sought to present an

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

immaterial issue for the jury, aside from the inquiry of guilt vel non, under the indictment for murder of which she was convicted, and pursuant to the evidence.

[2] In Clark v. State, 216 Ala. 7, 111 So. 227, this court said of section 4456 of the Code, as affecting the question of who was the aggressor, that this must "be ascertained as a fact from the evidence, and not by reason of a presumption of law" declared by the statute. There, the deceased was armed with a deadly weapon, and it does not result from this decision that there was error in the refusal of charges 4 and 5. These charges are indefinite as to time of the threats—"had made threats of violence on her person, * * * had made threats on the life of defendant prior to the difficulty," and, because of such threats so averred, defendant sought to instruct that she "had the right * * * to carry a weapon for defensive purpose," without regard to the manner or place of its carriage.

The fact that the solicitor had argued the law of homicide and the effect of section 4456 of the Code, as to reducing murder to manslaughter, did not warrant giving of the charges as drawn. The regulatory statutes deny the right to carry concealed about the person (section 3485, Code) a weapon of the kind indicated, yet contains the provision that "the defendant may give evidence that, at the time of carrying the weapon concealed, he had good reason to apprehend an attack, which the jury may consider in mitigation of the punishment, or justification of the offense." This mitigation or justification was not of a homicide committed with such weapon, but of the violation or disregard of the statute as to the place and manner of the carriage of that weapon. The limited effect of the statute as to the "time of carrying the weapon concealed" was by reason of the fact that such person had at such time "good reason to apprehend an attack." And section 3487 of the Code contains the declaration that no person shall carry a pistol about his person on premises not his own or under his control, except he be of the class indicated—sheriff, deputy, police officer, United States marshal or his deputies, mail carriers on duty, bonded constable, and the designated railway mail clerks and express messengers on duty.

In Isaiah v. State, 176 Ala. 27, 28, 37, 38, 58 So. 53, 57, the opinion of Mr. Justice McClellan concludes with the observation as follows:

"The Legislature, to whom the Constitution commits the right to regulate, in the interest of the public weal, the enjoyment of the major right to bear arms in defense, has expressed its judgment in section 2 by the restriction of the carrying of one weapon to a limited, yet intimately associated with the citizen, area, namely, his own, or controlled, premises. There the weapon is available to his defense. Elsewhere, every other weapon of defense may be openly borne. To deny the validity of section 2 [section 3487 of the Code of 1923] would, without doubt, restrict the legislative right to regulate, as broadly declared in Reid's Case [1 Ala. 612], to the manner only of bearing arms; and this would clothe the constitutional right to bear arms with an effect to deny to legislative function the power to determine, without destroying the major right, what are arms proper to be borne, within the constitutional guaranty, or to decide, in the interest of the public safety and welfare and as a regulation, at what places arms of a defined character should not be borne. This we cannot affirm, in the light of the pertinent statements, before quoted from Reid's Case. Accordingly, we are constrained to hold that section 2 is not violative of section 26 of the Constitution, and, hence, to answer the submitted question in the negative."

And that of the majority of the court was:

"It is therefore a mere regulation as to carrying an unconcealed pistol, and is intended to prevent one person from going armed with a pistol upon the premises of another, and does not prohibit the carrying of same, if not concealed, upon the highway or elsewhere other than upon the premises of another." (Italics supplied.)

The charges were correctly refused because the manner and place of the carrying was not properly limited, and the object of the carrying is assumed to have been under the circumstances for defensive purpose (Nelson v. State, 15 Ala. App. 102, 72 So. 510), and the latter assumption being merely, from that averred fact, that at some time theretofore threats of violence had been made by the deceased against the defendant. These charges were properly refused as argumentative and misleading.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.